(581 P.2d 826)
No. 48,812

NADINE DEETS, *Plaintiff-Appellee and Cross-Appellant,* v. HAMIL-TON MANAGEMENT CORPORATION, *Defendant-Appellant and Cross-Appellee,* and PEGGY L. DAILEY, *Defendant.*

Opinion filed July 28, 1978.

*Raymond L. Dahlberg,* of Diets, Hardman & Dahlberg, of Great Bend, for the appellant and cross-appellee.

*Morgan Wright,* of Larned, for the appellee and cross-appellant.

Before FOTH, C.J., PARKS and SWINEHART, JJ.

PARKS, J.: This appeal arises from alleged violations of the Kansas Securities Act, K.S.A. 17-1252, *et seq.* (since amended). The trial was to the Pawnee county district court which entered judgment in favor of the plaintiff Nadine Deets on the basis that defendant Hamilton Management Corporation was negligent in hiring the defendant Peggy L. Dailey as its agent in July, 1972. The court further held that defendant Dailey was acting within the scope of her apparent authority when she defrauded the plaintiff and converted plaintiff's money to her own personal use. The defendant corporation appeals, and plaintiff cross-appeals for attorney fees.

The pertinent facts are as follows: During the summer of 1972, Financial Programs, Inc. sold its nationwide capital sales organization to the defendant corporation. The sale agreement autho-

rized Financial employees to sell Hamilton Funds as of July 10, 1972. Commissions from sales were to be paid directly to each agent by Hamilton.

Defendant Peggy Dailey accepted employment with Hamilton, as part of the agreement. The records furnished Hamilton by Financial indicated that Dailey had been convicted of forgery in 1953 and had falsified her 1958 registration applications to the Kansas Securities Commission and the National Association of Securities Dealers by denying that she had any prior felony convictions. As a result of that indiscretion, her authority to sell securities had been suspended for six months by both agencies in 1964.

Dailey was involved in a number of unauthorized transactions between 1958 and 1972 while an employee of Financial. She used two schemes. One approach was to advise customers that because she had been employed by Financial for a required amount of time, she had the opportunity to buy some management stock but lacked sufficient funds to do so. Although the stock would have to be bought in Dailey's name, the customer could join with her in purchasing the stock and the investment would pay a fifteen to thirty per cent return. Dailey would then give a six-month note to the investor, in exchange for a loan with which she was to purchase the stock. In six months she would return to the investor, pay interest on the note and extend the note for another six months.

Dailey's other approach was to inform Financial customers that certain Financial shares which were assets of an estate had to be sold and could be purchased at less than the fair market value. Again these non-existent shares were available only to Dailey, who offered the customer the opportunity to buy them through her, and in her name.

The record discloses that on July 11, 1972, the Kansas Securities Commissioner cancelled the registration of all Kansas Financial agents, including that of defendant Peggy Dailey. Two months later on November 14, 1972, Hamilton submitted Peggy Dailey's application for registration under the Kansas Securities Act to the Securities Commissioner. Although the commissioner subsequently issued an order of registration for Dailey on November 20, 1972, that registration was later cancelled with prejudice on February 22, 1973.

The injury complained of here occurred on August 14, 1972, during an interview conducted by Dailey in the home of a former Financial customer, the plaintiff Nadine Deets. On that occasion Dailey informed plaintiff of her new employment with Hamilton and advised plaintiff that she was in a position to offer the same deal as she had offered her while employed by Financial. Plaintiff purchased a $50 Hamilton monthly investment plan and a $14,000 "special" allegedly consisting of Hamilton management company stock. At Dailey's instruction, Deets designated Dailey as the payee of the $14,000 check and the First National Bank of Denver as the payee of the $50 check.

In December of 1972, Hamilton became aware of Dailey's fraudulent schemes. An investigation followed and in January, 1973, Dailey admitted that she had used the two schemes to obtain money from her customers. Thereafter on February 15, 1973, Dailey returned to the plaintiff's home and confessed that she had fabricated the story about Hamilton management stock being available. Dailey then gave plaintiff a personal note for $15,400 and backdated it to August 29, 1972.

The controlling question is whether Hamilton is liable for the acts of its employee, Peggy Dailey, who at the time of the fraudulent transactions was not duly registered as an agent under the Kansas Securities Act.

K.S.A. 17-1268 provides in pertinent part:

"(a) Any person, who offers or sells a security in violation of K.S.A. 17-1254 or 17-1255 . . . is liable to the person buying the security from him. . . . "(b) Every person who directly or indirectly controls a seller liable under subsection (a) . . . and every broker-dealer or agent who materially aids in the sale is also liable jointly and severally with and to the same extent as the seller, unless the nonseller who is so liable sustains the burden of proof that he did not know, and in the exercise of reasonable care could not have known, of the existence of the facts by reason of which the liability is alleged to exist. . . ."

K.S.A. 17-1254 referred to above provides that it is unlawful for any person to engage in business as an agent unless he is registered as an agent for a specified registered broker-dealer or for a specified issuer.

An "offer" or "offer to sell" includes every "attempt or offer to dispose of, or solicitation of an offer to buy, a security. . . ." The term "sell" itself includes "every contract of sale of, contract to sell, or disposition of, a security. . . ." K.S.A. (now 1977 Supp.) 17-1252(h).

On appeal it is not the function of the appellate court to weigh conflicting evidence, to pass on the credibility of witnesses or redetermine questions of fact. The reviewing court is only concerned with evidence which supports the trial court's findings, and not with evidence which might have supported contrary findings.

There can be no doubt that when Dailey offered to sell the Hamilton management stock to plaintiff on August 14, 1972, she was not registered with the Kansas Securities Commissioner. Her Financial registration was cancelled July 11, 1972, and her renewal with Hamilton was November 20, 1972. The fact that Dailey was not registered as an agent pursuant to K.S.A. 17-1254 brings into play the provisions of K.S.A. 17-1268(b).

Plaintiff had reason to believe that Dailey was authorized to offer the special deal on the Hamilton management stock because Dailey possessed the corporation's credentials, its manuals, literature and forms. Moreover, she had the authority to receive and collect payments for investments in Hamilton funds. Not only do we conclude that Hamilton controlled Dailey as an employee, it is our opinion that when Hamilton supplied the brochures and forms to Dailey for her use, it materially aided in the fraudulent transaction within the meaning of K.S.A. 17-1268(b).

We find no merit in defendant Hamilton's claim that Dailey's February, 1973, delivery of the personal note to the plaintiff constituted either an accord and satisfaction or a novation which extinguished the obligation previously created in August, 1972. In order to effect a novation or to satisfy a debt there must be a release of the obligation. *Davenport v. Dickson,* 211 Kan. 306, 313, 507 P.2d 301 (1973). We find from Dailey's own testimony that the note was merely intended to be a record of Dailey's transactions with the plaintiff and nothing more. Accordingly, we conclude that there is substantial competent evidence to support the trial court's findings as to the defendant corporation's liability.

We now turn our attention to plaintiff's cross-appeal for attorney fees. Having reached the conclusion that the defendant corporation is liable to the plaintiff under the provisions of K.S.A. 17-1268, we find that the trial court erred in denying plaintiff's request for attorney fees. See *McClellan v. Sundholm,* 89 Wash. 2d 527, 574 P.2d 371 (1978).

Judgment is affirmed insofar as the appeal and remanded on the cross-appeal for a determination by the trial court of reasonable attorney fees.