C. Duane COONS and C. Duane Coons & Associates, Plaintiffs-Appellants,

v.

PETERSON REALTY, INC., d/b/a Re/Max East, Inc., a Colorado corporation, Defendant-Appellee.

No. 83CA1287.

Colorado Court of Appeals, Div. II.

Jan. 10, 1985.

Law Offices of John M. Franks, P.C., John M. Franks, Paul R. Wood, Denver, for plaintiffs-appellants.

Richard E. Young, Frank D. Plunkett, Jr., Denver, for defendant-appellee.

STERNBERG, Judge.

The plaintiffs made several loans to one William Ridinger, Jr., who was a real estate salesman operating under the real estate broker's license of the defendant Re/Max East, Inc. When Ridinger defaulted in his payments and on other terms of the agreements, the plaintiffs sued Ridinger, Re/Max, and others involved in the transaction. The action against Re/Max was based on allegations that it was responsible for the acts of its employee, Ri-

dinger, and on the theory of negligent supervision.

Ridinger filed a petition in bankruptcy but, by separate agreement, reaffirmed the debt he owed plaintiffs. However, when Ridinger again defaulted, the bankruptcy court entered a non-dischargeable judgment against him, no part of which has been satisfied. Subsequently, Re/Max moved for summary judgment against plaintiffs. In granting the motion the trial court held that the non-dischargeable judgment was an accord and satisfaction of the debt and concluded, therefore, that it barred the plaintiffs' action against Re/Max. We disagree with this holding and therefore reverse the judgment.

 Re/Max was not a party to the agreement between the plaintiffs and Ridinger. Thus, although the agreement reaffirming the debt and the judgment entered thereon could operate as an accord and satisfaction between the plaintiffs and Ridinger, *see Caldwell v. Armstrong*, 642 P.2d 47 (Colo.App.1981), it was not an accord and satisfaction as to Re/Max. Accordingly, Re/Max is not bound by that agreement or the order of the bankruptcy court entered pursuant thereto. *See Deets v. Hamilton Management Corp.*, 2 Kan. App.2d 425, 581 P.2d 826 (1978); *Marshall v. Amos*, 471 P.2d 896 (Okla.1970). Therefore, the court erred in entering its judgment which precluded the plaintiffs from proceeding against Re/Max on the promissory note.

 Similarly, plaintiffs' claim against Re/Max for the tort of negligent supervision is also unaffected by the agreement with Ridinger. That claim is independent of both Ridinger's and Re/Max's contractual liability on the underlying promissory note, and depends instead on a finding of Re/Max's breach of duty as employer and supervisor of Ridinger. Although plaintiffs may obtain only one satisfaction, they are free to obtain as many judgments against as many different parties on as many different theories as they can establish to obtain such satisfaction. *Singer Housing Co. v. Seven Lakes Venture*, 466 F.Supp. 369 (D.Colo.1979).

Because it is undenied that plaintiffs have not yet received satisfaction of their claims, they should be free to pursue their action against Re/Max. It was, therefore, error for the court to dismiss their claims on summary judgment because of the agreement between plaintiffs and Ridinger.

 Plaintiffs also contend that the trial court erred in determining that this case should have been heard in the bankruptcy court pursuant to 28 U.S.C. 1471(b), and because it was not, plaintiffs are limited to execution on the non-dischargeable judgment. We agree.

Although this case could have been brought in the bankruptcy court, it was not mandatory that it be heard there. The controlling statute, 28 U.S.C. § 1478(a), explicitly permits, but does not require, removal of controversies such as this to the bankruptcy court. Therefore, plaintiffs are not foreclosed from pursuing their action in state court.

The judgment dismissing the action is reversed, and the cause is remanded with directions to reinstate plaintiffs' complaint.

SMITH and KELLY, JJ., concur.