Bryon CRUZ, Cruz Enterprises, a Colorado General Partnership, and Dorothy F. Cruz, Petitioners,

v.

Jim BENINE, Harold Nelson, Mary Nelson, and Empire Enterprises Unlimited, Respondents.

No. 98SC244.

Supreme Court of Colorado, En Banc.

Sept. 13, 1999.

William C. Danks, Denver, Colorado, Attorney for Petitioners.

Markusson, Green & Jarvis, P.C., James K. Green, Denver, Colorado, Attorneys for Respondents.

Justice RICE delivered the Opinion of the Court.

The petitioners, Dorothy Cruz, Bryon Cruz, and Cruz Enterprises, ask us to overturn a court of appeals decision affirming the dismissal of the instant action against Jim Benine, Harold Nelson, Mary Nelson, and Empire Enterprises Unlimited (Empire), a limited partnership, on the grounds that it is barred by the doctrine of res judicata, or claim preclusion. *See Cruz v. Benine*, No. 96CA1683, slip op. (Colo.App. Dec. 4, 1997) (not selected for publication). While the petitioners acknowledge that a prior lawsuit involving the same factual circumstances and nearly identical claims for relief ended in a settlement, they emphasize the fact that the instant case includes several additional parties who were not privy to the settlement of the first action. As such, they argue that the Uniform Contribution Among Tortfeasors Act, sections 13–50.5–101 to –106, 5 C.R.S. (1998) ("UCATA"), which allows parties to a prior action to file subsequent claims against joint tortfeasors, supercedes the common law doctrine of claim preclusion. As we agree with the petitioners insofar as they contend that claim preclusion does not bar the instant action against the two respondents who were not party to the first action, we reverse the court of appeals' dismissal of the petitioners' action against Mary Nelson and Jim Benine. However, we affirm the court of appeals' dismissal of Bryon Cruz's and Cruz Enterprises' claims against Harold Nelson and Empire because we find Bryon Cruz and Cruz Enterprises to be in privity with Dorothy Cruz for purposes of claim preclusion. Further, we reverse the attorney's fees award, and remand to the court of appeals with directions to return this case to the trial court for further proceedings consistent with this opinion.

## I. FACTS

Dorothy Cruz and Bryon Cruz are partners in a general partnership, Cruz Enterprises. Dorothy Cruz holds an eighty percent share in Cruz Enterprises, and her son, Bryon Cruz, holds the remaining twenty percent share. Beginning on July 1, 1985, Cruz Enterprises entered into an agreement to lease the Best Western Rambler Restaurant and Lounge from Empire. Respondents Harold and Mary Nelson are partners in Empire, which is a limited partnership. At the time of the events, which formed the cause of action herein, respondent Jim Benine was an Empire employee. Benine managed the Best Western motel that was located on property adjoining the restaurant and that was owned and operated by Empire.

The respondents allegedly conspired to discourage potential customers, primarily motel patrons, from eating at the petitioners' restaurant, particularly during the two years immediately preceding the expiration of the restaurant lease on July 1, 1995. The respondents allegedly sought to drive the petitioners out of business. The petitioners vacated the premises at the expiration of the lease agreement. After the petitioners' departure, respondent Benine acquired ownership of the restaurant from Empire.

The foregoing facts gave rise to two separate civil actions, 95CV66 and 96CV51. The first action, 95CV66, brought by "Dorothy Cruz d/b/a Cruz Enterprises" as the plaintiff against Harold Nelson and Empire as defendants, included claims of outrageous conduct, interference with lease rights, slander, and tortious/intentional interference with business.

Before trial, the defendants Empire and Harold Nelson made an "offer to settle all claims among them and plaintiff" for the amount of $20,000. The offer was accepted and judgment entered pursuant to section 13–17–202, 5 C.R.S. (1998). However, after the settlement offer had been accepted, but prior to its payment, the defendants Enterprise and Harold Nelson sought to include a global release which would have included not only the named parties, but also "their partners, principals, agents, employees, [and] membership organizations" in the proposed

settlement. Their proposal was rejected, and, pursuant to the initial agreement, judgment was satisfied by payment of $20,000 to Dorothy Cruz. The only documentation of the settlement agreement in the record is Dorothy Cruz's acknowledgment of the receipt of $20,000 "in full and complete satisfaction of judgment entered in this matter."

Alleging the same facts and raising nearly identical claims for relief, petitioners Bryon Cruz, Dorothy Cruz, and Cruz Enterprises subsequently brought suit against Jim Benine, Harold Nelson, Mary Nelson, and Empire in action 96CV51. The complaint explicitly stated that Dorothy Cruz "makes no claim" against the defendants with whom she had settled in the prior case.

Despite the foregoing disclaimer, the trial court held that, in light of the statutory settlement in the previous action, the doctrine of claim preclusion barred the instant suit. Accordingly, the trial court granted the respondents' motion for summary judgment and dismissed the instant case. Moreover, due to its finding that the "[petitioners'] complaint [was] completely lacking in justification," the trial court awarded attorney's fees against both the petitioners and their counsel in the amount of $5,073.67. Notably, the trial court held no hearing regarding the issue of attorney's fees before making the foregoing award.

The court of appeals affirmed the trial court's dismissal on the basis of claim preclusion, concluding that under principles of partnership and agency law the parties to the first action and the parties to the instant case were in privity. The court of appeals reversed the order assessing attorney's fees against the petitioners, in their individual capacity, and remanded the cause for further proceedings after finding that the petitioners were entitled to a hearing to determine the appropriate amount of such fees. See §§ 13–17–102, –103, 5 C.R.S. (1998). Regarding the attorney's fees assessed against the petitioners' counsel, however, the court of appeals ruled that it lacked jurisdiction to review the trial court's award of attorney's fees because the petitioners' counsel had not filed a separate notice of appeal. This appeal followed.

## II. CLAIM PRECLUSION

The doctrine of claim preclusion operates as a bar to a second action on the same claims litigated in a prior proceeding. See City & County of Denver v. Consolidated Ditches Co. of Dist. No. 2, 807 P.2d 23, 32 (Colo.1991); Salida Sch. Dist. R–32–J v. Morrison, 732 P.2d 1160, 1163 (Colo.1987) (noting that claim preclusion serves to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication"). This doctrine requires the presence of four elements: (1) finality of the first judgment, (2) identity of subject matter, (3) identity of claims for relief, and (4) identity or privity between parties to the actions. See, e.g., S.O.V. v. People in Interest of M.C., 914 P.2d 355, 358 (Colo.1996); City & County of Denver v. Block 173 Assocs., 814 P.2d 824, 830 (Colo. 1991); Pomeroy v. Waitkus, 183 Colo. 344, 349–50, 517 P.2d 396, 399 (1973) (noting that claim preclusion binds parties to the action and persons in privity with such parties). Notably, the doctrine not only bars litigation of issues actually decided, but also any issues that could have been raised in the first proceeding but were not. See Block 173 Assocs., 814 P.2d at 830; Pomeroy, 183 Colo. at 350, 517 P.2d at 399. Unlike issue preclusion, claim preclusion does not require actual litigation. See S.O.V., 914 P.2d at 358–59.

The fourth and final element of claim preclusion, that the parties be the same as those in the first action or persons in privity with them, recognizes the potential for the blending of separate claims "if the second plaintiff stands in such a relationship to the first suit or the parties to the first suit as to justify claim preclusion." 18 Charles Alan Wright, Federal Practice and Procedure § 4407 n. 8 (1981). "Privity between a party and a non-party requires both a 'substantial identity of interests' and a 'working or functional relationship . . . in which the interests of the non-party are presented and protected by the party in the litigation.'" S.O.V., 914 P.2d at 360 (quoting Public Serv. Co. of Colo. v. Osmose Wood Preserving, Inc., 813 P.2d 785, 787 (Colo.App.1991) (holding further that privity exists in circumstances where the

non-party is "virtually represented" in litigation)).

Applying these principles, the court of appeals held that this lawsuit was barred by the doctrine of claim preclusion. Specifically, the court of appeals found no real dispute as to the existence of the first three elements of claim preclusion in the instant case: finality of the first judgment, identity of subject matter, and identity of claims for relief. The court of appeals then turned to the fourth element of claim preclusion—whether there was identity or privity between the parties to the two actions. The petitioners in the instant case are not identical to the plaintiff in the first action, since the first action did not name Bryon Cruz or Cruz Enterprises as plaintiffs. Similarly, the respondents in the instant case are not identical to the defendants in the first action, since the first action did not name Mary Nelson or Jim Benine as defendants. Therefore, the court of appeals focused its analysis on whether a privity relationship existed among Dorothy Cruz, and Bryon Cruz and Cruz Enterprises on the one hand, and on whether a privity relationship existed among Harold Nelson and Empire, and Mary Nelson and Jim Benine on the other hand. After finding that privity did exist between these parties, the court of appeals affirmed the trial court's dismissal of the petitioners' action herein based on the settlement of the first action.

The petitioners assert that the court of appeals erred in holding that a settlement entered pursuant to section 13–17–202, 5 C.R.S. (1998), barred them from bringing a subsequent suit against other tortfeasors liable for the same wrong. Specifically, the petitioners contend that the court of appeals erred in concluding that all of their claims are barred by the doctrine of claim preclusion and the judgment arising from the settlement agreement in the prior action. As claim preclusion only bars the petitioners from suing those respondents who were parties to the first action, we agree.

In analyzing privity for purposes of claim preclusion, this court has previously looked to law governing the underlying relationship. *See, e.g., S.O.V.*, 914 P.2d at 360. Therefore, given the differing legal relationships between the parties, the legal standards applicable to the petitioners' privity analysis differ from those applicable to the respondents' privity analysis. The question of whether the petitioners herein were in privity with Dorothy Cruz turns upon partnership law as this was the only relevant relationship between these three parties. However, the question of the nature of the relationship between the respondents who are new to this lawsuit—Mary Nelson and Jim Benine— and the defendants in the first action—Harold Nelson and Empire—turns not upon partnership law, but instead upon tort law principles since these parties allegedly acted as joint tortfeasors under the facts of this case.

Therefore, two separate inquiries are relevant to the resolution of the instant case. First, we must decide whether the petitioners Bryon Cruz and Cruz Enterprises, who were not parties to the first action, were in privity with Dorothy Cruz, the plaintiff in the first action. If the answer to this inquiry is in the affirmative, these petitioners are barred from bringing suit against those respondents who were parties to the settlement in the first action. Second, we must decide whether petitioners are barred from bringing suit against the two respondent tortfeasors who were not parties to the first action— Mary Nelson and Jim Benine. We address these questions in turn.

### A. Bryon Cruz and Cruz Enterprises Against Harold Nelson and Empire

We begin our analysis with an examination of whether the petitioners who were not parties to the first action—Bryon Cruz and Cruz Enterprises—are barred from seeking recovery from Harold Nelson and Empire, the defendants in the first action, as a result of a privity relationship with Dorothy Cruz. The Uniform Partnership Law, sections 7–60–101 to –153, 2 C.R.S. (1998) ("UPL"), governs this analysis. Notably, section 7–60–109(1) of the UPL provides that "[e]very partner is an agent of the partnership for the purpose of its business, and the act of every partner ... binds the partnership." Moreover, the UPL provides that "all partners are liable ... [j]ointly and severally

for everything chargeable to the partnership" and "jointly and severally for all other ... obligations of the partnership." § 7–60–115(1)(a) & (b), 2 C.R.S. (1998).

In analyzing whether the requisite privity existed between Dorothy Cruz and the other respondents, the court of appeals focused upon several references in the complaint filed in conjunction with the first action, which noted that Dorothy Cruz was *doing business as* Cruz Enterprises. Relying upon these statements and the agency relationship between members of a partnership, which is recognized by the aforementioned section 7–60–109 of the UPL, the court of appeals found that Dorothy Cruz had represented Cruz Enterprises in the first action, and that she had settled on behalf of the partnership, which included Bryon Cruz's interests. To this end, the court of appeals held:

> We agree with the trial court that, under the doctrine of res judicata, the judgment in the prior case binds plaintiff Dorothy Cruz and "her partners in privity with her," Cruz Enterprises and Bryon Cruz, *because "she clearly sued in both her individual and representative capacities on behalf of the partnership."*

Proceeding from this presumption that Cruz Enterprises was a party to the first action, the court of appeals held that the agency relationship between the partners under section 7–60–109 of the UPL established the requisite privity for claim preclusion purposes between Dorothy Cruz, as the plaintiff in the first action, and respondents Bryon Cruz and Cruz Enterprises.

We agree with the court of appeals insofar as it held that the partners of Cruz Enterprises were in privity with one another for purposes of claim preclusion. Pursuant to sections 7–60–109(1) and 7–60–115(1)(a) and (b) of the UPL, we hold that the relationship between the petitioners, as partners in a general partnership, was a "working or functional relationship" featuring such "substantial[ly] identi[cal] ... interests" so as to ensure that the interests of Bryon Cruz and Cruz Enterprises were "presented and protected" by Dorothy Cruz in the first action. *S.O.V.*, 914 P.2d at 360. As such, we find that Dorothy Cruz, the plaintiff to the first

action, and Bryon Cruz and Cruz Enterprises, were in privity with one another and that this relationship triggers the application of claim preclusion, which bars Bryon Cruz and Cruz Enterprises from suing Harold Nelson and Empire in the instant action.

For the reasons discussed above, we affirm the court of appeals' holding insofar as it determined that claim preclusion bars petitioners Bryon Cruz and Cruz Enterprises from bringing suit against the respondents Harold Nelson and Empire, who were parties to the first action.

## B. Dorothy Cruz, Bryon Cruz and Cruz Enterprises Against Mary Nelson and Jim Benine

We turn next to the question of whether petitioners Dorothy Cruz, Bryon Cruz, and Cruz Enterprises are barred from bringing suit against the respondents Mary Nelson and Jim Benine, who were not parties to the first action.

■ The petitioners argue that the court of appeals erred in analyzing whether the respondents were in privity under partnership law principles, to the exclusion of the Uniform Contribution Among Tortfeasors Act, sections 13–50.5–101 to –106, 5 C.R.S. (1998) ("UCATA"), which permits plaintiffs in one suit to file subsequent claims against other joint tortfeasors. Specifically, the petitioners cite section 13–50.5–105 of the UCATA, which provides that release of one tortfeasor does not constitute the release of all tortfeasors. We agree.

### Partnership Law

In analyzing whether Mary Nelson was in privity with the defendants in the first action, the court of appeals employed an analysis similar to that which it applied to the question of whether Bryon Cruz and Cruz Enterprises were in privity with Dorothy Cruz. Specifically, the court of appeals relied upon sections 7–60–109(1) and 7–60–113 of the UPL in order to find that privity existed between Mary Nelson and the defendants in the first action for purposes of claim preclu-

sion.[1] The court of appeals held that Mary Nelson's status as an agent of Empire, who was also jointly and severally liable for the alleged wrongful acts of the partnership, gave rise to the requisite privity for purposes of claim preclusion.

The court of appeals applied an additional tier of reasoning to the question of whether the interests of respondent Jim Benine were adequately represented in the first case so as to establish privity with Empire. To this end, the court of appeals held that the doctrine of respondeat superior, pursuant to which Empire could have been held vicariously liable for any torts that Benine committed within the course and scope of his employment, required it to find that Benine was in privity with Empire in the first action. Given its finding of privity, the court of appeals held that the petitioners' claims against Benine were barred.

We find that the foregoing tenets of the UPL are not determinative of the relationship between the respondents to the instant case and the defendants in the first action. First, the UPL applies different liability standards to general partnerships like Cruz Enterprises, than those that apply to limited partnerships such as Empire. Specifically, the UPL no longer provides for joint and several liability in a limited partnership. *See* § 7–60–115(2), 2 C.R.S. (1998).[2]

Second, the existence of privity between respondents Mary Nelson and Jim Benine and the defendants to the first action, Harold Nelson and Empire, is not determinative herein because the general provisions of the UPL, upon which the court of appeals relied, are overborne by the specific statutory provi-

sions of the UCATA. *See* § 2–4–205, 1 C.R.S. (1998) (providing that when the provisions of two statutes are irreconcilable, courts must construe the specific provision to prevail over the general); *Gorman v. Tucker By & Through Edwards*, 961 P.2d 1126, 1132–33 (Colo.1998); *Climax Molybdenum Co. v. Walter*, 812 P.2d 1168, 1174 (Colo. 1991). As the respondents herein are allegedly joint·tortfeasors, the question of whether the petitioners may bring a lawsuit against those respondents who were not parties to the first action is governed by the UCATA.

### i. Uniform Contribution Among Tortfeasors Act (UCATA)

■ The satisfaction of a judgment against one tortfeasor does not bar a subsequent suit against other tortfeasors. To this end, section 13–50.5–105 of the UCATA provides, in pertinent part:

*Release or Covenant Not to Sue.* (1) When a release ... is given in good faith to one of two or more persons liable in tort for the same injury ...:

(a) It .does not discharge any of the other tortfeasors from liability for their several pro rata shares of liability for the injury, death, damage, or loss *unless its terms so provide ....*

(Emphasis added.) Notably, the settlement document in the first lawsuit provided for no such discharge of liability.[3]

■ In .addition, there is no indication that the settlement was intended to release the respondents in the instant case from liability. In order to determine the scope of a settlement, this court has adopted a test known as

---

1. Section 7–60–109(1) provides that "[e]very partner is an agent of the partnership for purpose of its business." Section 7–60–113 provides that, when one partner commits a wrongful act or an omission for which any penalty is incurred, the partnership is liable for such acts or omissions to the same extent as the offending partner.

2. Section 7–60–115(2)(a) provides:
   Except as otherwise provided in the partnership agreement, *partners in a registered limited liability partnership are not liable directly or indirectly,* including by way of indemnification, contribution, or otherwise, *under a judgment, decree, or order of a court* or ·in any other manner, *for a debt, obligation, or liability of or*

*chargeable to the partnership while it is a. registered limited liability partnership;* except that this subsection (2) shall not affect the liability of .a partner in a registered limited liability partnership for such partner's *own* negligence, wrongful acts, or misconduct.
(Emphasis added.)

3. As noted above, both the Offer of Settlement and the Satisfaction of Judgment .in the first action limited the settlement to the named defendants, Harold Nelson and Empire Enterprises Unlimited, and the named plaintiff, Dorothy. F. Cruz.

the "intent rule." *See Neves v. Potter*, 769 P.2d 1047, 1053 (Colo.1989). Under this rule, "the scope of a general release is dependent upon the intent of the parties who negotiated the release." *Id.; see also* Restatement (Second) of Judgments § 50, cmts. a & d (stating that satisfaction or release of a judgment rendered against one of several persons each of whom is liable for a loss claimed in the action "does not discharge the liability of any of the other persons liable for the loss" except "[t]o the extent that the agreement may so provide"); Restatement (Second) of Torts § 886 cmt. a (stating that a judgment and satisfaction rendered against one tortfeasor "does not have the effect of discharging the liability of other tortfeasors liable for the same harm except to the extent that the agreement so provided"). Tortfeasors who were not parties must show "either that the release was intended to discharge them or that the releaser has received full compensation for the injuries sustained." *Neves*, 769 P.2d at 1053.

■ Applying the express provisions of the UCATA to the instant case, we find that section 13–50.5–105 permits the petitioners to sustain the instant action against both Mary Nelson and Jim Benine. We find it to be particularly significant that the defendants in the first action attempted but failed to include a universal release, which would have governed all of the respondents herein, in their settlement agreement. This clearly shows that the defendants in the first action recognized that the settlement did not apply to Mary Nelson and Jim Benine. Moreover, there is no evidence which would indicate that petitioner Dorothy Cruz intended to release respondents Mary Nelson and Jim Benine from liability via the settlement in the first action. As such, Mary Nelson and Jim Benine were not included in the settlement, under the terms of the agreement. Absent such evidence, we hold that the court of appeals erred in dismissing Dorothy Cruz's suit against Mary Nelson and Jim Benine. Similarly, we find that the court of appeals erred in dismissing any claims that Bryon Cruz and Cruz Enterprises may have against Mary Nelson and Jim Benine on the basis of claim preclusion.

We further note that were we to apply claim preclusion in cases such as this where plaintiffs have settled with some, but not all, potential joint tortfeasors, it would effectively undermine the purpose behind the enactment of the UCATA—to encourage settlement. *See, e.g., Kussman v. City & County of Denver*, 706 P.2d 776, 782 (Colo.1985) (noting that joint tortfeasor release provision, section 13–50.5–105, 5 C.R.S. (1998), "was formulated to encourage settlements"). Therefore, we find that Dorothy Cruz employed a valid and judicially encouraged legal strategy to settle with some potential tortfeasors while maintaining her right to pursue later claims against others.

In light of the foregoing analysis, we find that the settlement of the first action did not bar any of the petitioners from seeking a judgment against the respondents Mary Nelson and Jim Benine. *See, e.g., Coons v. Peterson Realty, Inc.*, 695 P.2d 317, 318 (Colo.App.1985) ("Although plaintiffs may obtain only one satisfaction, they are free to obtain as many judgments against as many different parties ... as they can establish to obtain such satisfaction.").

### ii. *Any Damage Recovery in the Instant Case Must Be Offset by Amount of Settlement in First Action*

■ However, the settlement entered into in the first action is relevant to the instant case insofar as the amount of any damages awarded in the instant case are concerned. Notably, section 13–50.5–105 of the UCATA provides that a release given to one of two or more persons liable in tort for the same injury "reduces the aggregate claim against the others to the extent of any degree or percentage of fault or negligence attributable by the finder of fact, pursuant to section 13–21–111(2) or (3) or section 13–21–111.5." § 13–50.5–105(1)(b), 5 C.R.S. (1998).

Treatises lend further support to the tenet that any payments in satisfaction of a claim against one joint tortfeasor are subtracted from the amount of any future verdicts against other tortfeasors. *See, e.g.,* Restatement (Second) of Torts § 886 cmt. a (stating that payments made in satisfaction of judgment against one of several tortfeasors each

of whom is liable for a single harm should "diminish the liability of the other tortfeasors proportionately").

In light of the foregoing authorities, should the respondents recover damages in the instant suit, their recovery must be offset by the settlement in the first action.

### III. ATTORNEY'S FEES

 Finally, the petitioners argue that the court of appeals erred in dismissing the appeal of the attorney's fees award levied against their attorney. We agree.

An award of attorney's fees is appropriate if an action lacks substantial justification. *See* § 13–17–102(2), 5 C.R.S. (1998). Attorney's fees may not be awarded if the plaintiff makes a good faith presentation of an arguably meritorious legal theory and no determinative Colorado authority exists. *See McCormick v. Bradley*, 870 P.2d 599 (Colo.App.1993).

After finding that the petitioners' action was barred by claim preclusion, the trial court decided to assess the respondents' attorney's fees jointly and severally against both the petitioners and their counsel pursuant to sections 13–17–102(2) and 13–17–102(4), 5 C.R.S. (1998).

Thereafter, the petitioners and their counsel sought to appeal the fee award. With respect to the petitioners, the court of appeals reversed and remanded with instructions for the trial court to conduct a hearing pursuant to sections 13–17–102 and 13–17–103, 5 C.R.S. (1998). With respect to the petitioners' counsel, however, the court of appeals dismissed his appeal, concluding that it was without jurisdiction because petitioners' counsel "was not named in the notice of appeal as an appellant and ... did not file a separate notice of appeal." *See also* C.A.R. 3(a); *Maul v. Shaw*, 843 P.2d 139, 143 (Colo. App.1992).

Given our holding that the petitioners' claims were not entirely barred under the doctrine of claim preclusion, Bryon Cruz's and Cruz Enterprises' claims did not lack "substantial justification" as that term is used in section 13–17–102(2). As such, the trial court erred when it awarded attorney's

fees jointly and severally against plaintiffs and plaintiffs' counsel.

### IV. CONCLUSION

Accordingly, we affirm the dismissal of Bryon Cruz's and Cruz Enterprises' claims against Harold Nelson and Empire. Furthermore, we reverse the dismissal of the petitioners' claims against Mary Nelson and Jim Benine. Finally, we reverse the award of attorney's fees and remand to the court of appeals with directions to return this case to the trial court for further proceedings consistent with this opinion.