**TURKEY CREEK LIMITED LIABILITY COMPANY, Plaintiff–Appellee,**

v.

**ANGLO AMERICA CONSOLIDATED CORPORATION; Conejos Advisors Company; Apishapa Management, Inc.; Sangre Consultants, Inc.; and Jeff Tucker, Defendants–Appellants. .**

No. 00CA0784.

Colorado Court of Appeals, Div. III.

Oct. 11, 2001.

Rehearing Denied Feb. 21, 2002.

Netzorg & McKeever, P.C., Gordon W. Netzorg, J. Nicholas McKeever, Jr.; Cortez Macaulay Bernhardt & Schuetze LLC, Susan Bernhardt, Denver, CO, for Plaintiff–Appellee.

Appel & Lucas, P.C., Garry R. Appel, Denver, CO, for Defendants–Appellants.

Opinion by Judge JONES.

Defendants, Anglo America Consolidated Corporation, Conejos Advisors Company, Apishapa Management, Inc., Sangre Consultants, Inc., and Jeff Tucker, appeal the judgment entered against them and in favor of plaintiff, Turkey Creek Limited Liability Company (Turkey Creek). We affirm.

The facts are largely undisputed. In a previous action, Turkey Creek successfully sued various other business entities and individuals (not defendants here) for decrees of foreclosure and quiet title to certain property in Eagle County, Colorado. Thereafter, in a supplemental proceeding, Turkey Creek was awarded damages, including costs and attorney fees, pursuant to § 38–35–109(3), C.R.S. 2001, from the named businesses which had filed invalid deeds of trust on the property.

Nearly two years later Turkey Creek commenced this action against defendants. The factual allegations of the complaint are nearly identical to those in the supplemental proceeding in the previous action, and the complaint sought actual or statutory damages of at least $1000 for each of 405 deeds of trust that had been declared void and invalid in the previous action and supplemental proceeding. The only difference is the named defendants.

The trial court denied Tucker's motions for summary judgment asserting that this action was barred based on the doctrine of *res judicata* or claim preclusion and that the undisputed facts established that Tucker did not know or have reason to know that the deeds of trust were fraudulent.

The trial court granted Turkey Creek's motion for summary judgment asserting that the undisputed facts supported a finding that Tucker's actions fell within the ambit of § 38–35–109(3). The trial ordered defen-

dants to pay damages to Turkey Creek in the amount of $405,000.

Summary judgment is appropriate when there is no dispute as to any material fact, and the burden to so demonstrate is upon the movant. *Aspen Wilderness Workshop, Inc. v. Colorado Water Conservation Board*, 901 P.2d 1251 (Colo.1995). A material fact is one that will affect the outcome of the case. *Moffat County State Bank v. Told*, 800 P.2d 1320 (Colo.1990).

A court reviewing a summary judgment does not engage in fact finding. Thus, our review of the trial court's ruling is *de novo*. *Aspen Wilderness Workshop, Inc. v. Colorado Water Conservation Board, supra.*

In determining whether summary judgment is proper, a court must give the non-moving party the benefit of all favorable inferences that reasonably may be drawn from the undisputed facts, and all doubts must be resolved against the moving party. In determining whether to grant a motion for summary judgment, a court must consider the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits. *Dale v. Guaranty National Insurance Co.*, 948 P.2d 545 (Colo. 1997).

I.

■ Tucker first contends that the trial court erred in denying his motion for summary judgment based on the doctrine of *res judicata* or claim preclusion. We disagree.

■ The doctrine of *res judicata* precludes a claim that was or could have been raised in a previous litigation. The doctrine will only be applied if, between the prior and present actions, there is: (1) identity of subject matter; (2) identity of a cause of action; (3) identity of parties; and (4) identity of capacity in the persons for whom, or against whom, the claim is made. *Cruz v. Benine*, 984 P.2d 1173 (Colo.1999).

It is undisputed that there is identity of the subject matter and identity of the causes of action here. However, the trial court properly determined that Tucker had not been a party to the previous action and was not in privity with any of the defendants there.

■ Privity between a party and a non-party requires a substantial identity of interests and a working or functional relationship in which the interests of the nonparty are presented and protected by the party in the litigation. In analyzing privity for purposes of *res judicata*, a court should look to the underlying relationship of the parties. *Cruz v. Benine, supra.*

Tucker failed to present any evidence to establish that he was in privity with the defendants in the previous action, except for the fact that all were involved in filing the invalid deeds of trust. There is no indication, however, that the resolution of the previous action was intended to release Tucker from liability in any later case.

Further, in a letter written during the supplemental proceeding, Tucker's attorney confirmed that Tucker was not a party to the previous action and that his interests were not represented by any other party in that action. Hence, Tucker conceded that the element of identity of parties is missing. That element is essential to the application of *res judicata. Cruz v. Benine, supra.*

We, therefore, conclude that the first judgment did not bar Turkey Creek from seeking a judgment against Tucker. *See Coons v. Peterson Realty, Inc.*, 695 P.2d 317, 318 (Colo.App.1985)("Although plaintiffs may obtain only one satisfaction, they are free to obtain as many judgments against as many different parties ... as they can establish to obtain such satisfaction."). Thus, the trial court did not err in denying Tucker's motion for summary judgment based on *res judicata.*

II.

■ Tucker next contends that the trial court erred in granting summary judgment because the undisputed facts do not support a finding that he "offered" the invalid deeds of trust to be recorded, as required by § 38–35–109(3). Again, we disagree.

Although it has been amended since concerning matters not relevant here, at the time of the filing of the invalid deeds of trust,

and as referred to herein, § 38–35–109(3) provided as follows:

Any person who offers to have recorded or filed in the office of the county clerk and recorder any document purporting to create a lien against real property knowing or having a reason to know that such document is forged, groundless, contains a material misstatement or false claim, or is otherwise invalid, shall be liable to the owner of such real property for the sum of not less than one thousand dollars, or for actual damages caused thereby, whichever is greater, together with reasonable attorney fees. Any grantee or other person purportedly benefited by a recorded document which creates a lien against real property and is forged, groundless, contains a material misstatement or false claim, or is otherwise invalid, who willfully refuses to release such document of record upon request of the owner of the real property affected, shall be liable to such owner for the damages and attorney fees provided for in this subsection (3).

Colo. Sess. Laws 1980, ch. 152 at 708.

 We review construction of a statute de novo. *Robles v. People,* 811 P.2d 804 (Colo.1991). A court's primary task in construing a statute is to give effect to the intent of the General Assembly. *Vaughan v. McMinn,* 945 P.2d 404 (Colo.1997). In determining legislative intent, we look first to the plain and ordinary meaning of the statute. When the statutory language is clear and unambiguous, there is no need to apply rules of statutory construction, because it may be presumed that the General Assembly meant what it clearly said. *Park County Sportsmen's Ranch LLP v. Bargas,* 986 P.2d 262 (Colo.1999).

In enacting § 38–35–109, the intent of the General Assembly was to halt the filing of invalid liens against real property. *People v. Marston,* 772 P.2d 615 (Colo.1989). Here, all parties concede that the invalid deeds of trust at issue created liens on the subject property. Thus, § 38–35–109 applies to the issue before us.

We have determined that, along with Colorado, six other states have enacted "spurious lien" statutes. *See* Ala.Code § 13A–9–12

(2001); Ariz.Rev.Stat. § 33–420 (2000); Idaho Code § 45–1705 (2000); Ky.Rev.Stat. Ann. § 434.155 (2001)(Kentucky); N.M. Stat. § 48–1A–9 (2001)(New Mexico); Utah Code § 38–9–4 (2001); Wyo. Stat. Ann. § 29–1–311 (Michie 2001). The parties have cited no cases interpreting these statutes, nor have we found any cases, that have specifically defined "offers" in the context of a "spurious lien" statute. Therefore, this is an issue of first impression.

The record shows that the trial court relied upon Tucker's own sworn testimony in determining that Tucker "offered" the deeds of trust. In a deposition in a related matter, Tucker conceded that he bore the expense of the recording fees and that he had authorized the issuance of the invalid deeds of trust. Furthermore, the record reflects that Tucker "is the controlling officer of the Grantor Corporation, Anglo America Consolidated Corporation, and the sole owner, Officer and Director of the three Grantee Corporations, Conejos Advisors Co., Apishapa Management, Inc. and Sangre Consultants, Inc."

The court properly ruled that Tucker and his business organizations were jointly and severally liable for all damages under the spurious lien statute.

Tucker, nevertheless, contends that these concessions are insufficient to establish that he "offered" the invalid deeds of trust to be recorded. We disagree.

An "offer" is defined as an action indicating a purpose or intention of doing something. *See Webster's Third New International Dictionary* 1566 (1986); *see also Dahl v. Young,* 862 P.2d 969, 972 (Colo.App.1993)(person who is responsible for the filing of a document is the person who "offered" the document for recording).

Tucker's undisputed payment for the filing of, and authorization of the issuance of, the deeds of trust indicate a purpose or intent on his part to have the deeds of trust recorded. Thus, we conclude the trial court did not err in determining that Tucker "offered" the deeds of trust for recording.

### III.

 Finally, Tucker contends that the trial court erred in determining that the rec-

ord established that he knew or had reason to know that the deeds of trust were invalid. We disagree.

Contrary to Tucker's argument, the trial court properly ruled, with record support, in determining that he knew or should have known that the deeds of trust were invalid. The court found that one year before the invalid deeds of trust were filed, the proper deed of trust under which Turkey Creek obtained the property had been recorded. This prior recording of the proper deed of trust placed Tucker on constructive notice that the deeds of trust he had filed were groundless. *See Vail/Arrowhead, Inc. v. District Court*, 954 P.2d 608 (Colo.1998)(person is bound to know what a properly recorded document discloses); *see also Talbot v. Seabert*, 484 P.2d 1242 (Colo.App.1971)(not selected for official publication).

Thus, the undisputed facts established that Tucker knew or had reason to know that the filing of the deeds of trust was groundless.

We, thus, determine that the trial court did not err in granting Turkey Creek's motion for summary judgment.

Accordingly, the judgment is affirmed.

Judge ROTHENBERG and Judge NIETO, concur.