**Richard JAHN, by and through his next friend, Lillian JAHN; Bobby Girardin, by and through his legal representative, Robert Girardin; Rachelle Rivas, by and through her guardian, Rose Rivas; and Lori Cianfrance, Plaintiffs**

v.

**ORCR, INC. d/b/a O'Hara Regional Center For Rehabilitation; Solomon Health Services, LLC; Solomon Health Management, LLC; O'Hara Healthcare, LLC; Ari Krausz; David Sebbag; and V. Robert Salazar, Defendants.**

No. 04SA30.

Supreme Court of Colorado, En Banc.

June 28, 2004.

Law Offices of J.M. Reinan, Jerome M. Reinan, Eric N. Kibel, Denver, Colorado, Jean E. Dubofsky, P.C., Jean E. Dubofsky, Boulder, Colorado, Attorneys for Petitioners.

Kennedy, Christopher, Childs & Fogg, P.C., Dawn E. Mitzner, Ronald H. Nemirow, Brian C. Proffitt, Davidovich Law Firm, LLC, Nathan Davidovich, Denver, Colorado,

Attorneys for Respondents, ORCR, Inc. d/b/a O'Hara Regional Center for Rehab, Solomon Health Services, LLC, Solomon Health Management, LLC, Ari Krausz, David Sebbag, O'Hara Healthcare LLC.

Waltz & D'Antuono, Richard A. Waltz, Denver, Colorado, Attorney for Respondent, V. Robert Salazar.

Justice MARTINEZ delivered the Opinion of the Court.

Petitioners Richard Jahn, Lori Cianfrance, Bobby Girardin, and Rachelle Rivas ("Petitioners") challenge a district court order dismissing their claims for damages against Respondents O'Hara Regional Center for Rehabilitation ("the nursing home"), Solomon Health Services, LLC, Solomon Health Management, LLC, Ari Krausz, David Sebbag, V. Robert Salazar, and O'Hara Healthcare, LLC (collectively, "Respondents"). The district court reasoned that the doctrine of claim preclusion barred the Petitioners' claims for damages because the Petitioners were unnamed members of a class seeking injunctive relief pursuant to C.R.C.P. 23(b)(2) in a prior action against the Respondents.

We issued a rule to show cause why the Petitioners' damage claims should not be reinstated. We hold that the doctrine of claim preclusion does not bar unnamed members of a class seeking injunctive relief and certified pursuant to C.R.C.P. 23(b)(2) from bringing claims for damages in subsequent litigation. Therefore, we now make the rule absolute.

I. Facts and Procedural History

Petitioners are former residents of the nursing home, which ceased operations in December of 2000.[1] They are currently among the plaintiffs in an action for damages against the Respondents asserting claims for violations of the Colorado Consumer Protection Act ("CCPA"), third-party breach of contract, implied contract/unjust enrichment, extreme and outrageous conduct, professional negligence, and negligence.[2]

---

1. The nursing home closed after the Colorado Department of Health and Public Environment discovered regulatory violations.

2. These allegations are included in the Petitioners' second amended complaint. Petitioners' first complaint included other allegations that were voluntarily dismissed.

The Denver district court dismissed the Petitioners' claims, reasoning that their status as unnamed members of a plaintiff class seeking injunctive relief in *Kilbourne v. Health Care Management Partners, Ltd.,* No. 99CV2232 (Denv.Dist.Ct. Apr. 2, 1999), precluded them from subsequently asserting claims for damages. We first outline the relevant facts of the underlying *Kilbourne* litigation, followed by details of the present action.

## A. The *Kilbourne* Litigation

Like the present case, *Kilbourne* was brought by, and on behalf of, residents of the nursing home against the Respondents. The named plaintiffs in the action sought damages for claims similar to those alleged in the present litigation, including CCPA violations, third-party breach of contract, negligence, implied contract/unjust enrichment, and outrageous conduct.

The named plaintiffs also obtained class certification for current and future residents of the nursing home under C.R.C.P. 23(b)(2). *See Kilbourne v. Health Care Mgmt. Partners, Ltd.,* No. 99CV2232 (Denv.Dist.Ct. Mar. 27, 2000) (order certifying class). In their motion for class certification, the plaintiffs stated that they only sought injunctive relief on behalf of the class under C.R.C.P. 23(b)(2). Additionally, the plaintiffs noted that because they sought certification under C.R.C.P. 23(b)(2), notice to potential class members was not required.

While the plaintiffs' motion to certify the class was pending, plaintiffs' counsel sent letters to residents of the nursing home who were not named plaintiffs. After explaining that the attorneys were attempting to represent residents of the nursing home on a class basis, the letters stated that the attorneys wished to speak with residents, their families, or their friends, and listed the attorneys' contact information.[3] The record is not clear as to how many letters were sent or to whom they were sent.[4]

After the class was certified, however, the *Kilbourne* plaintiffs began to enter into settlement agreements regarding their individual claims. In December of 2000, the nursing home closed. In February of 2001, the *Kilbourne* parties filed a stipulated motion to dismiss. Along with dismissal of the named plaintiffs' claims against the *Kilbourne* defendants, the motion requested dismissal of the class claim for injunctive relief. The motion stated that this claim became moot once the nursing home closed. The motion concluded with the parties' request that the court dismiss these claims with prejudice. The *Kilbourne* court granted the motion to dismiss all claims with prejudice, as stipulated. *Kilbourne v. Health Care Mgmt. Partners, Ltd.,* No. 99CV2232 (Denv.Dist.Ct. Feb. 12, 2001) (dismissal order).

In September of 2001, the *Kilbourne* plaintiffs settled the remainder of their claims. The Petitioners filed the present case less than three weeks after the *Kilbourne* plaintiffs entered into these agreements.

## B. The Present Litigation

In this case, the Petitioners are part of a larger group of plaintiffs seeking damages against the Respondents. The district court

**3.** The letter states, in part:

A number of our clients have expressed to us their goal in the lawsuit to make certain that the residents who remain at [the nursing home] get the care they have been promised and need.... Therefore, as part of our lawsuit, we have asked the court to allow us to represent the current and future residents at [the nursing home] on a class basis in an attempt to secure the level of care necessary to meet the needs of each resident on an ongoing basis....

We are writing to you, with the authorization of the court, to tell you about this lawsuit. We are interested in talking with you or any of your family members or friends who may have information regarding the conditions and care

provided at [the nursing home] during any part of the period between 1995 and the present. There is no obligation for you to talk with us. However, if any of you are willing to do so, we will appreciate it.... We want to learn from you your [sic] experiences at [the nursing home], the current level of nursing and rehabilitative care needed if you or a family member is a current resident of [the nursing home], and any concerns you may have about the current levels of care that [the nursing home] is providing.

**4.** A transcript of a related hearing suggests that the nursing home provided names and addresses of patients between 1997 and 1998.

reasoned that the doctrine of claim preclusion barred the Petitioners' current claims against the Respondents because the Petitioners were unnamed members of the class in *Kilbourne*.[5] The district court explained that claim preclusion applied if: 1) the first judgment was final; 2) the subject matter of the two actions was identical; 3) the claims for relief were identical; and 4) the parties were identical or in privity. The district court concluded that these elements had been met.

First, the district court reasoned that the *Kilbourne* case reached a final judgment because it was dismissed with prejudice. Next, the district court explained that the parties were identical because the Respondents were defendants in the *Kilbourne* case and the Petitioners were all members of the certified class in *Kilbourne*. Then, the district court determined that both the subject matter and claims for relief in the two suits were identical. The district court rejected the Petitioners' contention that they could proceed with their claims because the *Kilbourne* action involved claims for injunctive relief and this action involved claims for damages. Thus, the district court determined that the doctrine of claim preclusion barred the Petitioners' claims and dismissed them, while allowing the other plaintiffs to proceed with their claims. *Jahn v. ORCR*, No. 01CV1098 (Denv.Dist.Ct. Oct. 17, 2003) (order of dismissal).

We issued a rule to show cause why the district court's order should not be reversed. Because we find that the district court erred by concluding that the doctrine of claim preclusion barred the Petitioners' claims, we now make this rule absolute.

## II. Jurisdiction and Standard of Review

■ Under C.A.R. 21, we may exercise our original jurisdiction to determine "whether a trial court abused its discretion in circumstances where a remedy on appeal would prove inadequate." *Morgan v. Genesee Co.*, 86 P.3d 388, 391 (Colo.2004) (quoting *Silva v. Basin Western, Inc.*, 47 P.3d 1184, 1187 (Colo.2002)); *see* C.A.R. 21. This court has stated that the determination of whether exercise of original jurisdiction is warranted is "governed by the particular circumstances of the case." *Id.* (quoting *Hamon Contractors, Inc. v. Dist. Court*, 877 P.2d 884, 887 (Colo. 1994)). We have chosen to exercise our original jurisdiction to prevent delay of the Petitioners' claims and the claims of the other plaintiffs, for a number of reasons. We attempt to avoid delaying the Petitioners' claims because many of them are aged and in poor health. Moreover, the conduct alleged to have injured them occurred more than five years ago. Additionally, we do not wish to stall the claims of the other plaintiffs in this action while the determination of whether the Petitioners may proceed is resolved on appeal. Because the matter of which the Petitioners seek review turns solely on an issue of law, we choose to promptly resolve the matter so that the litigation may proceed.

■ We note that when reviewing issues involving class actions, the similarities between C.R.C.P. 23 and Fed.R.Civ.P. 23 allow us to look to federal cases interpreting the federal rule to inform our interpretation of the Colorado rule.[6] *Friends of Chamber Music v. City & County of Denver*, 696 P.2d 309, 317 (Colo.1985).

## III. Analysis

■ We now review the district court's determination that the Petitioners' status as unnamed class members certified under C.R.C.P. 23(b)(2) and seeking injunctive relief in the *Kilbourne* litigation precluded them from bringing a subsequent action for damages. We first find that the district court incorrectly held that the Petitioners'

---

5. The remaining plaintiffs include family members of former nursing home residents. Additionally, two of the Petitioners have claims against the physician defendants that were not dismissed.

6. The language of C.R.C.P. 23(a)-(b) and Fed. R.Civ.P. 23(a)-(b) is nearly identical, and the language of C.R.C.P. 23(c) and Fed.R.Civ.P. 23(c) is substantially similar. Because the language of the two rules is similar, and because we rely upon interpretations of both rules to reach our conclusions, we simply refer to both the state and federal rules as "Rule 23." References to specific language in C.R.C.P. 23 is otherwise noted.

claims were barred because the traditional elements of claim preclusion were satisfied. Rather, the inquiry into the preclusive effect of class judgments requires more than an examination of whether these elements were met, because due process must be satisfied as well.

Second, we address the district court's failure to recognize the significance of the difference between the relief sought in this action and the *Kilbourne* action. Here, the Petitioners seek damages, while the *Kilbourne* class sought injunctive relief. Due process attaches different requirements to class actions depending on the type of relief sought in order to bind class members to class judgments. We explain that Rule 23(b)(2) and 23(b)(3), which respectively govern injunctive and monetary relief, reflect minimal due process requirements. After comparing the procedures the rules mandate, we determine that C.R.C.P. 23(b)(3) provides the mechanism to preclude class members from bringing individual damages actions. Therefore, we conclude that class actions for injunctive relief certified under C.R.C.P. 23(b)(2) do not preclude individual actions for damages. Thus, we hold that the district court erred by concluding that the Petitioners' claims were barred.

### A. Claim Preclusion, Due Process, and Class Actions

■ The district court applied the traditional doctrine of claim preclusion to determine that the Petitioners' claims for damages were barred. However, the inquiry to determine the preclusive effect of class actions is broader than that prescribed by the traditional claim preclusion doctrine. *See Phillips Petroleum v. Shutts*, 472 U.S. 797, 811–12, 105 S.Ct. 2965, 86 L.Ed.2d 628 (1985); *In re Gen. Am. Life Ins. Co. Sales Practices Litig.*, 357 F.3d 800, 804 (8th Cir.2004); *see also Hiser v. Franklin*, 94 F.3d 1287, 1293 (9th Cir.1996) (doctrine of claim preclusion "must be applied carefully" to class actions). Under the conventional doctrine, claim preclusion bars claims that could have been

brought, as well as those that actually were brought, as part of the prior litigation. *Cruz v. Benine*, 984 P.2d 1173, 1176 (Colo.1999). Yet with respect to class actions, due process, as well as the requirements of claim preclusion, must be satisfied before a class action can bind class members to a class judgment. *Gen. Am. Life Ins.*, 357 F.3d at 804; *see also Hiser*, 94 F.3d at 1293.

■ Courts have determined that before class members can be bound to class judgments, due process requires that class members must be adequately represented and, in some circumstances, given notice that their individual claims may be lost. *Richards v. Jefferson County, Ala.*, 517 U.S. 793, 799, 116 S.Ct. 1761, 135 L.Ed.2d 76 (1996); *Shutts*, 472 U.S. at 811–12, 105 S.Ct. 2965; *see also Mullane v. Cent. Hanover Bank Trust Co.*, 339 U.S. 306, 314–15, 70 S.Ct. 652, 94 L.Ed. 865 (1950) (notice requirement); *Hansberry v. Lee*, 311 U.S. 32, 42–43, 61 S.Ct. 115, 85 L.Ed. 22 (1940) (adequate representation requirement). However, due process requirements vary depending on the type of relief sought. *See Colt Indus. Shareholder Litig. v. Colt Indus. Inc.*, 77 N.Y.2d 185, 565 N.Y.S.2d 755, 566 N.E.2d 1160, 1165–67 (1991). Courts have explained that in class actions for injunctive relief, due process may only require adequate representation because of the nature of the relief requested. *Id.* at 1166; *see also Richards*, 517 U.S. at 801, 116 S.Ct. 1761. In contrast, when monetary damages are sought on behalf of the class, due process requires both adequate representation and notice to class members because of the property right at stake. *Shutts*, 472 U.S. at 811–12, 105 S.Ct. 2965.

Courts have generally held that in class actions for injunctive relief, due process is satisfied when class members are adequately represented.[7] 5 *Moore's Federal Practice* § 23.43[6][a] (Matthew Bender 3d ed.2004); *see, e.g., Robinson v. Metro–North Commuter R.R. Co.*, 267 F.3d 147, 165 (2d Cir.2001); *Johnson v. Gen. Motors Corp.*, 598 F.2d 432, 437 (5th Cir.1979); *see also Richards*, 517 U.S. at 801, 116 S.Ct. 1761 (acknowledging

---

7. Some courts have held, however, that when Rule 23(b)(2) actions involve incidental money damages, a due process right to notice is required. *See, e.g., Johnson v. Gen. Motors Corp.*, 598 F.2d 432, 437 (5th Cir.1979).

that precedent might "leave open the possibility" that adequate representation might satisfy due process if class members' interests were sufficiently protected); *but see Shutts*, 472 U.S. at 811–12, 105 S.Ct. 2965 (describing importance of notice to ensure due process). Courts have reasoned that because of the nature of injunctive relief, the class members' interests are sufficiently protected through adequate representation alone. First, courts have explained that when injunctive relief is sought to remedy a group harm, a "presumption of cohesion and unity" exists between class members and their representatives so that adequate representation will protect all class members' interests. *Robinson*, 267 F.3d at 165. Additionally, courts have reasoned that because classes seeking injunctive relief attempt "to bind defendants to a certain course of conduct," trial courts carefully fashion remedies that adequately account for the interests of both the class and the defendants. *Colt*, 565 N.Y.S.2d 755, 566 N.E.2d at 1166. For these reasons, courts have held that adequate representation will satisfy due process in class actions for injunctive relief.

In contrast, minimal due process requires both notice and adequate representation in class claims for monetary damages. *Shutts*, 472 U.S. at 811–12, 105 S.Ct. 2965. In class actions for damages, the "presumption of class homogeneity and cohesion falters" because the degree of compensable injury often varies among class members. *Robinson*, 267 F.3d at 165. Additionally, absent class members must be free to independently pursue their own claims if they determine that participation in the suit would not protect their individual interests. *Id.* at 166. Therefore, courts have required that class members be given notice "reasonably calculated ... to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Shutts*, 472 U.S. at 812, 105 S.Ct. 2965 (quoting *Mullane*, 339 U.S. at 314–15, 70 S.Ct. 652). Moreover, the notice must allow the plaintiff to request

exclusion from the litigation. *Id.* (citing the "opt out" requirement).

In this case, the district court ended its inquiry to determine the preclusive effect of the *Kilbourne* litigation once it concluded that the elements of claim preclusion had been met. It did not further ask whether due process had been satisfied. We next explain that because Rule 23 embodies due process requirements, the district court can determine the preclusive effect of the *Kilbourne* action by looking to the provision of C.R.C.P. 23 under which the class was certified.

### B. Actions under Rule 23(b)(2) and 23(b)(3)

Rules 23(b)(2) and 23(b)(3) incorporate the due process concerns underlying class actions for injunctive and monetary relief, respectively. Rule 23(b)(2), which authorizes class claims for injunctive relief and lacks notice and other procedural requirements, reflects that due process may only require adequate representation to bind class members to judgments for injunctive relief. However, because Rule 23(b)(2) lacks additional due process safeguards, Rule 23(b)(2) actions for injunctive relief do not preclude individual suits for damages. In contrast, Rule 23(b)(3), which governs class actions for damages and imposes specific notice requirements, embodies due process requirements necessary to bind class members to judgments for monetary relief. Because Rule 23(b)(3) includes due process safeguards necessary to preclude class members from bringing individual suits for damages, and Rule 23(b)(2) lacks such safeguards, we conclude that C.R.C.P. 23(b)(2) was not intended to certify actions that preclude individual suits for damages.

#### 1. Rule 23(b)(2)

Rule 23(b)(2) reflects that due process may only require adequate representation to bind class members to judgments for injunctive relief. The rule allows class actions only for injunctive or declaratory relief[8], and as a

8. Specifically, C.R.C.P. 23(b)(2) allows class actions if:

The party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final in-

result, courts have held that the provision does not encompass claims predominantly for monetary damages.[9] *Goebel v. Colo. Dep't of Insts.*, 764 P.2d 785, 795 (Colo.1988); *see also* Fed.R.Civ.P. 23(b)(2) advisory committee's note ("The subdivision does not extend to cases in which the appropriate final relief relates exclusively or predominantly to money damages.").

The language of Rule 23(b)(2) authorizes class suits when the "party opposing the class has acted or refused to act on grounds generally applicable to the class." However, the rule does not impose any procedural requirements. Therefore, the rule does not contain any due process requirements in addition to the general class action prerequisite that "representative parties will fairly and adequately protect the interests of the class" contained in Rule 23(a).[10] Therefore, Rule 23(b)(2) appears to capture the general rule that due process does not require more than adequate representation to bind class members to judgments for injunctive relief.

Because Rule 23(b)(2) lacks procedural requirements, courts have held that class actions for injunctive relief under the rule generally do not bar individual suits for damages. *See, e.g., Hiser v. Franklin*, 94 F.3d 1287, 1291 (9th Cir.1996); *Bogard v. Cook*, 586 F.2d 399, 409 (5th Cir.1978); *see also Cooper v. Fed. Reserve Bank*, 467 U.S. 867, 880, 104 S.Ct. 2794, 81 L.Ed.2d 718 (1984). Due process requires that class members be given notice that their individual claims will be lost before a class action can bar individual damage claims. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811–

12, 105 S.Ct. 2965, 86 L.Ed.2d 628 (1985). Because Rule 23(b)(2) does not require notice to class members, courts will not allow Rule 23(b)(2) actions to preclude individual suits for damages when only the requirements of Rule 23(b)(2) have been met. *See Frank v. United Airlines, Inc.*, 216 F.3d 845, 851–52 (9th Cir.2000); *Hiser*, 94 F.3d at 1291–92; *Brown v. Ticor Title Ins. Co.*, 982 F.2d 386, 392 (9th Cir.1992); *Johnson v. Gen. Motors Corp.*, 598 F.2d 432, 436–37 (5th Cir.1979); *Bogard*, 586 F.2d at 408.

Additionally, courts have recognized that if suits for injunctive relief were to preclude individual damage actions, the purpose of class actions would be defeated. Class actions function to "provide a mechanism for the expeditious decision of common questions." *Cooper*, 467 U.S. at 881, 104 S.Ct. 2794. Courts have reasoned that requiring class members to bring damage claims with class claims for injunctive relief would force courts to make individualized determinations for each plaintiff as part of the class action.[11] *See id.* at 880–81, 104 S.Ct. 2794; *Hiser*, 94 F.3d at 1291; *see also Bogard*, 586 F.2d at 409 (noting that claims for individual damages would require a "separate mini-trial[ ] for each prisoner"). Thus, in the interests of due process and efficiency, courts have concluded that class actions for injunctive relief do not bar subsequent claims for damages.

Rule 23(b)(2) therefore embodies the general rule that due process may only require adequate representation to bind class members to judgments for injunctive relief. Because the rule does not impose additional due process requirements, however, courts held

junctive relief or corresponding declaratory relief with respect to the class as a whole.

**9.** Courts will allow certification of damage claims under Rule 23(b)(2) only if the damages can be characterized as incidental to the primary relief sought. *Goebel*, 764 P.2d at 795.

**10.** Even though we state that Rule 23(b)(2) lacks procedural requirements, we do not intend to suggest that due process will never require more in other circumstances. We note that Rule 23(d) grants the trial court discretion to impose procedures to protect the interests of absent class members, including notice.

**11.** As one court noted:

The basic effort to limit class adjudication as close as possible to matters common to members of the class frequently requires that non-participating members of the class remain free to pursue individual actions that would be merged or barred by claim preclusion had a prior individual action been brought for the relief demanded in the class action. An individual who suffered particular injury as a result of practices enjoined in a class action, for instance, should remain free to seek a damages remedy even though claim preclusion would defeat a second action had the first action been an individual suit for the same injunctive relief. *Hiser*, 94 F.3d at 1291 (quoting 18 Wright, Miller & Cooper, *Federal Practice & Procedure* § 4455 (1981)).

that judgments under the rule do not preclude individual damage claims. Like Rule 23(b)(2), Rule 23(b)(3) also reflects due process requirements but with respect to class actions for monetary relief. However, unlike judgments under Rule 23(b)(2), judgments under Rule 23(b)(3) may bind class members to judgments for money damages.

### 2. Rule 23(b)(3)

The requirements of Rule 23(b)(3) embody the minimal due process necessary in class claims for money damages. Whereas Rule 23(b)(2) actions must primarily seek injunctive or declaratory relief, Rule 23(b)(3) class actions are appropriate for classes seeking monetary damages.[12] *State v. Buckley Powder Co.,* 945 P.2d 841, 844–45 (Colo.1997).

Because Rule 23(b)(3) governs class claims for money damages, the rule includes stringent notice requirements that attempt to comply with due process. *See* Fed.R.Civ.P. 23 advisory committee's notes ("Mandatory notice ... is designed to fulfill requirements of due process to which the class action procedure is of course subject."); *see also Mountain States Tel. &. Tel. Co. v. Dist. Court,* 778 P.2d 667, 672 (Colo.1989) (citing *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 173–74, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974)). The rule incorporates the due process requirements that class members be given adequate notice of the action and an opportunity to remove themselves before class members can be bound to a class judgment for money damages. *See Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 811–12, 105 S.Ct. 2965, 86 L.Ed.2d 628 (1985); *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 313–15, 70 S.Ct. 652, 94 L.Ed. 865 (1950). Specifically, Rule 23 mandates that the trial court "direct to the members of the class the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." *See* C.R.C.P. 23(c)(2). Additionally, Rule 23 requires that the notice inform class members that they must request exclusion from the action so as not to be bound by the judgment.[13] *Id.* Thus, Rule 23(b)(3) attempts to comport with the minimal procedures required by due process.

Through these procedural requirements, Rule 23(b)(3) explicitly attempts to bind class members to judgments for monetary relief. Rule 23 mandates that class members who do not request to opt out of Rule 23(b)(3) class actions will be bound by the judgment. Moreover, the drafters of the rule state that provision (b)(2) "was intended to insure that the judgment, whether favorable or not, would bind all class members who did not request exclusion from the suit." *Eisen,* 417 U.S. at 176, 94 S.Ct. 2140 (citing Fed. R. Civ. Pro. 23 advisory committee's note). Therefore, through its procedural requirements and statement of binding intent, Rule 23(b)(3) clearly was intended to provide a mechanism to bind class members to judgments for money damages.

### 3. Significance of Rules 23(b)(2) and 23(b)(3) on the Preclusive Effect of Actions

From the terms and requirements of Rules 23(b)(2) and 23(b)(3), we conclude that class actions for injunctive relief certified under C.R.C.P. 23(b)(2) do not preclude subsequent claims for damages. As we explained, due process imposes different requirements on class actions for injunctive and monetary relief, with more procedural requirements attaching to class actions for monetary relief. Rules 23(b)(2) and 23(b)(3) reflect these differences by incorporating notice procedures consistent with the requirements of minimal due process. Moreover, Rule 23(b)(3) explic-

---

**12.** C.R.C.P. 23(b)(3) states, in relevant part:

The court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**13.** C.R.C.P. 23(c)(2) states:

In any class action maintained under subsection (b)(3), the court shall direct to the members of the class the best notice practicable under the circumstances.... The notice shall advise each member that: (A) The court will exclude him from the class if he so requests by a specified date; (B) the judgment, whether favorable or not, will include all members who do not request exclusion....

Fed.R.Civ.P. 23(c)(2) contains a similar mandate.

itly attempts to bind class members to its judgments through these notice requirements.

From these differences, we can conclude that C.R.C.P. 23(b)(3) provides a procedural mechanism to preclude class members from bringing actions for money damages because it includes minimal due process safeguards. Because C.R.C.P. 23(b)(2) lacks any such requirements, we can conclude that it does not yield judgments that preclude individual damage actions.

Therefore, we hold that class actions for injunctive relief certified under C.R.C.P. 23(b)(2) do not preclude subsequent individual suits for damages. This holding effectuates Rule 23's attempt to incorporate minimal due process requirements in different categories of class actions. Moreover, it provides reviewing courts with a simple inquiry to expediently determine whether C.R.C.P. 23(b)(2) actions bar individual damage claims, because it does not require that they determine on a case-by-case basis whether class members in each received sufficient due process. Finally, this holding protects the efficiency of class actions for injunctive relief by limiting questions to those common among members of the class, rather than requiring courts to make individual damage determinations for each plaintiff. *See Cooper v. Fed. Reserve Bank,* 467 U.S. 867, 880–81, 104 S.Ct. 2794, 81 L.Ed.2d 718 (1984).

### D. Application to the Present Case

Here, the district court mistakenly disregarded the different types of relief sought in this action and in the *Kilbourne* case, concluding that the prior action for injunctive relief precluded class members from bringing individual damage claims. As we have explained, class actions for injunctive relief pursuant to C.R.C.P. 23(b)(2) do not preclude subsequent individual actions for damages. Because the *Kilbourne* class was certified under C.R.C.P. 23(b)(2) to seek injunctive relief, the Petitioners' status as unnamed class members does not bar their individual damage claims in this case.

## IV. CONCLUSION

We hold that the doctrine of claim preclusion does not bar the Petitioners' damage claims in the present case. Because the underlying class action was certified as a class action for injunctive relief pursuant to C.R.C.P. 23(b)(2), it does not preclude unnamed class members from bringing subsequent actions for damages. We therefore make the rule absolute.