David A. THOMPSON, Patricia Long, Jim Westbrook, James Lahmeyer, Eugene Kreves, and Kenneth Essington on behalf of themselves and all others similarly situated, Plaintiffs,

v.

EDWARD D. JONES & CO., et al., Natural Resource Management Corporation, and EDJ Leasing Co., et al., Defendants.

No. LR–C–87–247.

United States District Court,
E.D. Arkansas, W.D.

Aug. 24, 1992.

Kenneth R. Shemin, Rose Law Firm, Little Rock, AR, for plaintiff David A. Thompson.

G. Verne Goodsell, Gunderson, Palmer, Goodsell & Nelson, Rapid City, SD, for Marilynne Harris.

Steven T. Shults, Shults, Ray & Kurrus, Little Rock, AR, Stephen S. Muhich, Dykema Gossett, Grand Rapids, MI, and Bruce C. Oetter, Helen P. Gab and Bryan Cave, St. Louis, MO, for Edward D. Jones & Co., David A. Nyquist and Thomas J. Neumann.

## *ORDER*

ROY, District Judge.

Now before the Court is the defendants' motion of May 13, 1992, to enforce this court's Final Judgment in this case and enjoin Marilynne Harris from proceeding in her pending lawsuit against defendant Edward D. Jones ("Jones") in another forum. Jones contends that Harris was properly given notice of the class action settlement and neither objected nor opted out of the class. Jones therefore argues that Harris is precluded by this Court's Final Judgment of October 20, 1988, from maintaining any claim against Jones relating to her Natural Resource Management ("NRM") 1983 Oil & Gas Limited Partnership, 83–A. After having reviewed the pleadings of the parties, as well as the pertinent legal authority, the Court finds that the defendants' motion should be granted.

Ms. Harris does not dispute the fact that this Court's final order entered in 1988 precludes her from litigating claims which either were, or could have been, asserted in the class action lawsuit ("Thompson"). However, she contends that the suit she is currently

pursuing in South Dakota, the one to which defendants object, involves claims that could not have been asserted as part of *Thompson.*

Ms. Harris' suit in South Dakota alleges, *inter alia,* that defendant Jones' handling of her investment money violated Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5. She alleges that "Jones sold securities to [her] which were unsuitable in light of [her] subjective financial profile." *Harris' Brief in Opposition* at 10-11. She maintains that this is a separate legal theory from what was litigated in *Thompson,* the theory therefore could not have been litigated in *Thompson,* and that she is therefore free to litigate that issue in another jurisdiction.

As has been previously noted by this Court in other orders, the standard notice sent to class members in *Thompson* included the warning that:

> In this case, all qualifying Class Members who have not excluded themselves in a timely manner ... will be forever barred ... from suing the Defendants for all claims that they have or may have in connection with the above-described 1983 and 1984 NRM limited partnerships and will be barred from proceeding with any other existing suits concerning those partnerships.

Furthermore, this Court believes that it was quite clear in its 1988 Final Judgment when it wrote that all class members were enjoined from asserting against Jones "any representative, derivative or other claim *of any nature whatsoever* which any of them has or may have in connection with the above-described 1983 ... NRM limited partnerships...." (emphasis added)

The prohibition against bringing related claims involving the partnerships was an integral part of the settlement agreement. Ms. Harris was given an opportunity to opt out if she wished. She did not do so. Based on these facts, this Court finds that it has the authority to enforce its injunction against Ms. Harris. She risks being found in contempt of this Court if she violates this Court's injunction.

Accordingly, it is hereby

ORDERED that pursuant to this Court's Final Order and Judgment dated October 20, 1988, Marilynne Harris is permanently enjoined from proceeding against Edward D. Jones & Co., in the pending matter captioned *Marilynne Harris v. Edward D. Jones & Co.,* No. CIV-91-5065 (D. of S.D., Western Div.), to the extent that it involves her investment in NRM 1983 Oil & Gas Limited Partnership, 83-A. And it is further

ORDERED that pursuant to this Court's Final Order of October 20, 1988, Marilynne Harris is permanently enjoined from instituting and/or maintaining any other proceeding against Edward D. Jones & Co. involving her investment in NRM 1983 Oil & Gas Limited Partnership, 83-A.