992 F.2d 187
 Fed. Sec. L. Rep. P 97,441, 25 Fed.R.Serv.3d 1447
 David A. THOMPSON, Patricia Long, Jim Westbrook, James
Lahmeyer, Eugene Kreves, and Kenneth Essington on
behalf of themselves and all others
similarly situated, Plaintiffs,
Marilynne Harris, Appellant,
v.
EDWARD D. JONES & CO., Defendant/Appellee.
 No. 92-3055.
 United States Court of Appeals,
Eighth Circuit.
 Submitted March 18, 1993.
Decided May 3, 1993.
 
 1
 Gordon V. Goodsell, Rapid City, SD, for appellant.
 
 
 2
 Thomas C. Walsh, St. Louis, MO, for appellee.
 
 
 3
 Before MORRIS SHEPPARD ARNOLD, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and KYLE,* District Judge.
 
 
 4
 KYLE, District Judge.
 
 
 5
 Appellant Marilynne Harris appeals from the district court's[1] order enjoining her from proceeding with an action filed in the United States District Court for the District of South Dakota, Marilynne Harris v. Edward D. Jones & Co., No. CIV 91-5065 (South Dakota action). The district court enjoined appellant on the ground that her claims in the South Dakota action, as they relate to certain investments, are barred by the Final Judgment of Dismissal and Order in a class action (in which appellant was a class member) filed in the United States District Court for the Eastern District of Arkansas (Arkansas action). We affirm.
 
 I.
 
 6
 Appellant was a member of a class which instituted the Arkansas action against appellee Edward D. Jones & Co. ("Jones"), a brokerage firm, and other defendants in 1988, alleging violations of the federal securities law. Class plaintiffs, persons who had purchased interests in certain oil and gas limited partnerships sponsored by National Resource Management Corporation ("NRM"), including a group of limited partnerships known as "1983 NRM oil and gas limited partnerships" (hereinafter "NRM-83"), alleged that the investment prospectus and sales material provided to them by Jones contained material misrepresentations or omissions with respect to the degree of risk involved in the interests and the relationship between Jones and NRM.
 
 
 7
 The district court certified the class in the Arkansas action, and on August 2, 1988, entered an order preliminarily approving a settlement. The district court ordered counsel for the class representatives to mail the Notice of Class Action Determinations and Hearing on Proposed Settlement and Instructions and Proof of Claim Form (hereinafter "Notice") to class members. The Notice contained the following language:
 
 
 8
 In this case, all qualifying Class Members who have not excluded themselves in a timely manner ... will be forever barred by the judgment of this court entered pursuant to the Settlement from suing the Defendants for all claims that they have or may have in connection with the above-described 1983 and 1984 NRM limited partnerships and will be barred from proceeding with any other existing suits concerning those partnerships. (Emphasis added.)
 
 
 9
 Joint Appendix at 186. It is undisputed that appellant received a copy of the Notice and that she did not opt out of the class or otherwise object to the proposed settlement.
 
 
 10
 After a hearing, the district court approved the proposed settlement on October 20, 1988. In the Final Judgment of Dismissal, the Court ordered:
 
 
 11
 Each member of [the class] (except the Opt-outs) ... be enjoined from asserting against the defendants ... any representative, derivative or other claim of any nature whatsoever which any of them has or may have in connection with the above-described 1983 and 1984 NRM limited partnerships or any other matters released by said class members in connection herewith; ...
 
 
 12
 Joint Appendix at 249. The district court reserved jurisdiction for purposes of implementing the settlement agreement. Id. at 250.
 
 
 13
 On June 21, 1991, appellant initiated the South Dakota action against Jones (South Dakota action), alleging negligence, fraud in Jones' representations regarding the suitability, safety and liquidity of appellant's investments, breach of fiduciary duty, breach of agent's duty, and violations of Section 10(b) of the Securities Exchange Act of 1934 in Jones' actions relating to appellant's $145,000 investment in nine limited partnerships, including a $30,000 investment in NRM-83.
 
 
 14
 On February 21, 1992, Jones filed a motion to dismiss, or for partial summary judgment, in the South Dakota action on the grounds that any claims relating to NRM-83 were barred by res judicata as a result of the Final Judgment of Dismissal and Order in the Arkansas action, as well as on statute of limitations grounds. Thereafter, Jones filed a motion in the Arkansas action on May 13, 1992, seeking to enforce the district court's Final Judgment in the Arkansas action and to enjoin appellant from proceeding against Jones in the South Dakota action to the extent that action relates to the NRM-83 investments. The district court in South Dakota heard Jones' motion for dismissal on June 10, 1992, and denied the motion on the grounds that both the res judicata issue and the statute of limitations issue were premature. The court suggested that Jones resubmit the motion at a later date.
 
 
 15
 On August 24, 1992, the District Court in the Arkansas action issued an order enjoining appellant from proceeding against Jones in the South Dakota action as it related to the NRM-83 investments. In that Order, the district court stated:
 
 
 16
 that pursuant to this Court's Final Order and Judgment dated October 20, 1988, Marilynne Harris is permanently enjoined from proceeding against Edward D. Jones & Co., in the pending matter captioned Marilynne Harris v. Edward D. Jones & Co., No. CIV 91-5065 (D. of S.D., Western Div.), to the extent that it involves her investment in NRM 1983 Oil & Gas Limited Partnership, 83-A. And it is further
 
 
 17
 ORDERED that pursuant to this Court's Final Order of October 20, 1988, Marilynne Harris is permanently enjoined from instituting and/or maintaining any other proceeding against Edward D. Jones & Co. involving her investment in NRM 1983 Oil & Gas Limited Partnership, 83-A.
 
 
 18
 Joint Appendix at 322, 820 F.Supp. 1156. This appeal followed.
 
 II.
 
 19
 The Court reviews the district court's issuance of an injunction under an abuse of discretion standard. See Surgidev Corp. v. Eye Technology, Inc., 828 F.2d 452, 457 (8th Cir.1987). It is clear that the district court has the authority to issue an injunction enforcing the Final Judgment of Dismissal and Order which embody the terms of the settlement agreement. See Parker v. Ryan, 960 F.2d 543, 546 (5th Cir.1992) ("District courts have an inherent authority to enforce their injunctions."); United States v. Fischer, 864 F.2d 434, 436 (7th Cir.1988). See also Klett v. Pim, 965 F.2d 587, 590 (8th Cir.1992) (court which issues injunction is the only court with authority to enforce it).[2] Moreover, the district court specifically retained jurisdiction for the purpose of enforcing the settlement and has done so on at least three previous occasions by enjoining individual class members from proceeding against Jones in subsequent actions or in arbitration. See Joint Appendix at 259, 261 and 266.
 
 
 20
 Contrary to appellant's assertions, the district court did not violate the principle that "a court adjudicating a dispute may not be able to predetermine the res judicata effect of its own judgment...." (Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 806, 105 S.Ct. 2965, 2971, 86 L.Ed.2d 628 (1985) (emphasis added)) by enforcing the Final Judgment of Dismissal and Order in the Arkansas action against appellant. That principle is inapposite to subsequent actions for enforcement of a court's previously-issued order. The thrust of the doctrine is that the res judicata effect of a judgment can only be determined in a subsequent proceeding insofar as the elements of res judicata in the class action context (compliance with Federal Rule of Civil Procedure 23 and due process --see 3 Herbert B. Newberg, Newberg on Class Actions §§ 16.21 and 16.24 (3rd ed. 1992)) can, logically, be raised only after the first proceeding has concluded and judgment has been entered. Therefore, upon determining that the second proceeding was barred by the terms of the Final Judgment in the Arkansas action, the district court acted within its authority to enjoin appellant pursuant to those terms.[3]
 
 
 21
 Appellant asserts, however, that the scope of the settlement of the Arkansas action does not cover her claims in the South Dakota action because her suitability claims are inherently individual in nature and could not have been brought in the class action without destroying the commonality, typicality and adequacy of representation requirements of Rule 23(a) of the Federal Rules of Civil Procedure.[4] However, this argument ignores the broad language used in the Notice and in the Final Judgment of Dismissal: a class member is barred from commencing an action against Jones which the member "has or may have in connection with the above-described 1983 and 1984 NRM limited partnerships". There is no exception for those individual claims a class member could have brought at that time if the class member had chosen to opt out of the class prior to settlement.[5] The settlement bars all claims related to the NRM-83 investments, including those which an individual class member may have had, but knowingly chose to relinquish by remaining a member of the class. See TBK Partners, Ltd. v. Western Union Corp., 675 F.2d 456, 461 (2d Cir.1982) ("[W]here there is a realistic identity of issues between the settled class action and the subsequent suit, and where the relationship between the suits is at the time of the class action foreseeably obvious to notified class members, the situation is analogous to the barring of claims that could have been asserted in the class action. Under such circumstances the paramount policy of encouraging settlements takes precedence."). See also In re VMS Securities Litigation, Fed.Sec.L.Rep. p 97,301 (N.D.Ill. Feb. 20, 1992) (subsequent arbitration proceedings brought by class members who received notice of a proposed settlement and did not opt out of the class were barred by prior class settlement of a securities fraud action even though particular claims of suitability and oral misrepresentations were not at issue in the class action; the notice of proposed settlement and final judgment stated that class members released "every asserted or potential claim that in any manner whatsoever relates to the purchase or sale of any securities....").[6]
 
 
 22
 This case is distinguishable from those on which appellant relies because, here, appellant had sufficient notice of the terms of the proposed settlement, including the provision barring "claim[s] of any nature whatsoever" related to the NRM-83 investments, and had adequate opportunity to opt out of the class. In National Super Spuds, Inc. v. New York Mercantile Exchange, 660 F.2d 9 (2d Cir.1981), by contrast, the Second Circuit reversed the district court's approval of a settlement where the final settlement agreement expanded the scope of the claims to be released without giving notice of the class members. The plaintiff in that case had received notice of a proposed settlement agreement one year before the final judgment was submitted and approved, and the deadline for opting out had long since passed by the date of the hearing. Furthermore, the plaintiff had objected to the settlement at the hearing, but the district court rejected his objections as to the expansion of the released claims in approving the final settlement. Appellant in the present case did not experience any such difficulties. Cf. Weinberger v. Kendrick, 698 F.2d 61, 77 (2d Cir.1982), cert. denied, 464 U.S. 818, 104 S.Ct. 77, 78 L.Ed.2d 89 (1983) (where new claims were added to class complaint shortly before submission of, and hearing on, the proposed settlement, there was no due process violation provided proper notice and adequate opportunity to opt out were afforded).
 
 
 23
 In this case, appellant had the opportunity to opt out of the class action in the Arkansas action in order to preserve any individual claims she may have had in addition to those in common with the class. Appellant did not opt out of the class, she did not voice any objection to the terms of the settlement, and she did not seek relief from the Final Judgment of Dismissal and Order under Rule 59(e) or 60(b) of the Federal Rules of Civil Procedure. See, e.g., Silber v. Mabon, 957 F.2d 697, 700 (9th Cir.1992) (plaintiff class member may move for relief from judgment pursuant to Fed.R.Civ.P. 60(b)(4) on the grounds that the proposed settlement was void as to him because he had not received sufficient notice); Williams v. Burlington Northern, Inc., 832 F.2d 100, 102-03 (7th Cir.1987), cert. denied, 485 U.S. 991, 108 S.Ct. 1298, 99 L.Ed.2d 508 (1988) (court denied plaintiff's motion to reopen class action, withdraw her claim and opt-out under Fed.R.Civ.P. 6(b)(2) or, in the alternative, to be relieved from final judgment in the class action under Rule 60(b) so she could continue her action in a different forum). See also 2 Herbert B. Newberg, Newberg on Class Actions § 11.63 (3rd ed. 1992). She did not appeal directly from the Final Judgment of Dismissal and Order pursuant to 28 U.S.C. § 1291. As a class member who chose not to opt out after notice of the terms of the settlement, appellant is bound by the Order and Final Judgment in the Arkansas and must abide by its express terms.
 
 
 24
 Accordingly, we affirm the decision of the district court enjoining appellant from proceeding against Jones in the South Dakota action and any other action to the extent the action involves her investment in NRM-83.
 
 
 
 *
 The Honorable Richard H. Kyle, United States District Court for the District of Minnesota, sitting by designation
 
 
 [1]
 The Honorable Elsijane Trimble Roy, United States District Judge for the Eastern District of Arkansas
 
 
 [2]
 An order enforcing an injunction, including an order granting further injunctive relief, must be "narrowly tailored to remedy the specific harm shown." National Law Center on Homelessness and Poverty v. United States Veterans Administration, 765 F.Supp. 1, 6 (D.D.C.1991), aff'd, 964 F.2d 1210 (D.C.Cir.1992) (citation omitted). In this case, the district court has enjoined appellant from proceeding with the South Dakota action only as it relates to Jones' representations regarding the NRM-83 partnerships. Appellant's claims relating to her investment in the eight other limited partnerships are not affected by the district court's order, and her action may go forward as to those claims
 
 
 [3]
 Appellant has argued that the district court violated the principles of comity by issuing an injunction while the viability of her claims involving the NRM-83 investments in the South Dakota action were the subject of a motion upon which a district court in South Dakota had ruled. See, e.g., Adam v. Jacobs, 950 F.2d 89, 92 (2d Cir.1991) (district judge has discretion to stay or dismiss a competing lawsuit for reasons of conservation of resources and overall judicial administration). The district court in the Arkansas action was asked simply to enforce its previously issued order and not to make a determination on the merits of appellant's claims in the South Dakota action. Furthermore, to the extent that the district court's injunction appears to be at odds with the South Dakota district court's denial of Jones' motion to dismiss appellant's claims related to the NRM-83 investments, the substance of that denial is equivocal at best. The transcript of the hearing reveals the South Dakota district court's recognition that the posture of the case was somewhat unusual and uncertain. See Joint Appendix at 344:
 Jones: [W]hat this action is down in Arkansas is nothing more than an enforcement of Judge Roy's order and that's going to be heard by Judge Roy, but certainly whether she entered her order enjoining the plaintiff from going to other courts in proceeding, she has an interest in enforcing that, whether it be a state court, or federal court, arbitration, or anyplace.
 The Court: That will all wash out in due time.
 Jones: Your Honor, I have plaintiff's complaint and I think that it's very clear that as far as NRM-A [NRM-83] they are proceeding on the basis of 10b(5) and 10(b) claims. And that's exactly what Judge Roy heard. That's what the class action is about. That's what her order goes to.
 The Court: We will see about that.
 
 
 [4]
 Appellant also asserts that the Final Judgment of Dismissal and Order impermissibly expanded the preclusive effect of the class action settlement as it included the phrase "claim of any nature whatsoever which [a class member] has or may have in connection with" the investments while the original Notice of Pendency (which was never sent to the class members) used the phrase "all claims that have been or that might have been asserted, arising out of the acts and transactions alleged by plaintiffs." Joint Appendix at 23. Appellant contends that by allowing such broad language in the Final Judgment, the class representatives sacrificed the potential claims of class members who may have had individuals claims in addition to those asserted in the class action. However, as appellant admits that she was notified of the terms of the proposed settlement which clearly indicated that claims of "any nature whatsoever" would be barred, and did not opt out of the class at that time, she cannot now object to the terms of the settlement
 
 
 [5]
 Appellant apparently would have this Court determine the fairness, reasonableness and adequacy of the class action settlement in terms of its preclusion of claims related the NRM-83 investments which are based on legal theories which depend on an individual class member's particular circumstances. However, the district court has approved the settlement and the time in which to challenge that approval through a direct appeal or to seek relief from the binding effect of the settlement under Rules 59 or 60 has passed. While the Court recognizes that "[c]ourts should no doubt be cautious about permitting issue preclusion in the context of a settlement of a class action" (TBK Partners Ltd. v. Western Union Corp., 675 F.2d 456, 461 (2d Cir.1982)), the Court believes that this concern was taken into consideration when the district court certified the class and again when it approved the settlement and issued its Final Judgment. To the extent that the preclusion of "all claims of any nature whatsoever" is an integral part of the settlement bargain entered into for Jones and the class representatives, this Court cannot now modify the terms of that bargain at the insistence of one class member. See, e.g., Bailey v. Great Lakes Canning, Inc., 908 F.2d 38, 42 (6th Cir.1990) ("An approved settlement will not be upset unless the district court has abused its discretion."); In re Joint Eastern and Southern District Asbestos Litigation, 129 B.R. 710, 861 (E. and S.D.N.Y.1991) ("Once approved, a settlement agreement is interpreted as a contract.")
 
 
 [6]
 In issuing the injunction, the district court had before it appellant's argument that her claims in the South Dakota action were not based on the same legal theories or factual predicates as the claims in the Arkansas action. The district court implicitly rejected this argument and relied on the plain language of the Final Judgment of Dismissal as the basis for issuing the injunction. This Court notes that appellant's suitability claims, alleging that Jones misrepresented that certain investments were low-risk and therefore that they were unsuited to her investment purposes, rest on the same or similar facts as the class action claims that Jones misrepresented the risk involved in the investments, thus inducing the purchase of the oil and gas interests