# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2513EM

_____

| | | |
|---|---|---|
| In re General American Life<br>Insurance Company Sales<br>Practices Litigation | * | |
| | * | |
| | * | |
| | * | |
| -------------------------------------- | * | |
| | * | |
| Deborah Berardinelli, | * | On Appeal from the United |
| | * | States District Court |
| Appellant, | * | for the Eastern District |
| | * | of Missouri. |
| v. | * | |
| | * | |
| | * | |
| General American Life | * | |
| Insurance Company, | * | |
| | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: January 14, 2004
Filed: February 4, 2004

_____

Before WOLLMAN, RICHARD S. ARNOLD, and MORRIS SHEPPARD
ARNOLD, Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.

This appeal involves the relationship between an action brought in the state
courts of New Mexico by Deborah Berardinelli, whom we shall call the plaintiff,

against General American Life Insurance Company, and an earlier settlement of a class action against General American in the United States District Court for the Eastern District of Missouri.[1] The plaintiff was a member of the class in the earlier case, received notice of the settlement, and did not exercise her opportunity to opt out. After the New Mexico action was brought, General American moved in the District Court for an injunction against its prosecution, claiming that it was barred by the class-action settlement. The District Court[2] agreed and issued the injunction. In the Court's view, the text of the settlement agreement and of the notice sent to class members was sufficiently explicit to encompass the claim that plaintiff now seeks to assert. The Court also took the view that the representation given to plaintiff in the class action was adequate, and that the settlement was not vulnerable to a collateral attack. We agree and affirm. The plain language of the settlement agreement and of the notice to class members controls the main issues in this case.

I.

We begin by describing the essential facts of the class action and how it came to be concluded. The class action alleged various misrepresentations and other wrongdoings on the part of General American with respect to holders of its life-insurance policies, of whom the plaintiff was one. A nationwide class was certified, and ultimately a settlement was agreed to, affording a minimum of $55,000,000 in relief to the class in exchange for a release of certain claims. A little more than three years ago, the District Court approved a settlement and entered a final judgment incorporating it. The settlement contains a release, the pertinent parts of which we shall quote later in this opinion.

---

[1] See In re General Am. Life Ins. Co. Sales Practices Litig., 302 F.3d 799 (8th Cir. 2002)

[2] The Hon. Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

The settlement agreement and its approval by the Court were preceded by the sending of a notice to class members. It is undisputed that the plaintiff received this notice. The relevant parts of the notice will also be described later, after we have explained the nature of the lawsuit that plaintiff has brought in the New Mexico state courts.

II.

The New Mexico case concerns what the parties refer to as "modal billing practices." In "modal billing," an insured is given a choice as to whether she will pay the premium all at once for a year, by the month, or in some other periodic fashion. Plaintiff elected to pay her premium by the month. She took out her policy in 1995, before the filing of the class action. Her monthly premium was $150.51. If the premium had been paid by the year, it would have been $1,718.57, but the election to pay by the month meant that the amount actually paid each year was $81.56 greater. The plaintiff is claiming in the state-court action that General American was guilty of certain omissions and non-disclosures regarding the policy's modal premium charges and fees.

Is this claim barred by the class-action settlement? As the parties present the case to us, three separate issues are argued: whether the claim is barred by res judicata, whether the claim was sufficiently referred to in the notice that went to class members, and whether the representation in the class action afforded to the plaintiff and other holders of potential modal-billing claims was adequate. We address each of these questions in turn.

The answer to the res judicata question, of course, must be determined by inspecting the language of the judgment that concluded the class action, including the settlement agreement that was included in that judgment. The Stipulation of Settlement provided:

> In consideration for the settlement benefits described above, the Releasing Parties hereby release and discharge the Released Parties from, and they shall not now or hereafter commence . . . with respect to the allegations in the Complaint or the Released Transactions, any and all causes of action . . . of any kind . . . whether past or present, known or unknown, suspected or unsuspected . . . that have been or could have been averred in the Complaints, or may be or could be alleged or asserted now or in the future by Releasing Parties or any of them against the Released Parties . . . on the basis of, connected with, or arising out of, or related to, in whole or in part, the Policies and the Released Transactions . . ..

Joint Appendix (J.A.) 129-30. "Releasing Parties" means all class members, including the plaintiff, and "Released Parties" includes General American. This language is very broad. It includes all causes of action known or unknown, suspected or unsuspected, that may or could be asserted now or in the future on the basis of, connected with, or arising out of or related to the Policies in whole or in part. The phrase "the Policies" includes the life-insurance policy issued to the plaintiff, and on which the New Mexico action is based. Other parts of the Stipulation of Settlement are more specific. It refers, for example, to the release of claims based on alleged omissions and nondisclosures relating to "Policy or premium charges . . . Policy charges, premium charges, monthly deductions, cost of insurance and administrative charges." J.A. 132. The judgment entered by the District Court pursuant to the settlement states that the terms of the settlement agreement shall have res judicata and all other preclusive effect, and enjoins all members of the class from commencing, prosecuting, or participating in any other lawsuit relating to the released claims and causes of action. J.A. 314-15.

We have no difficulty in concluding that the judgment bars the New Mexico action. A leading authority in this Circuit is <u>Thompson v. Edward D. Jones & Co.</u>,

992 F.2d 187 (8th Cir. 1993). In that case, we upheld the authority of district courts to enforce by injunction a final judgment embodying the terms settling a class action. We looked to the terms of the final judgment, held that they clearly encompassed the claim in question, which the plaintiff there sought to raise in a subsequent action, and affirmed an injunction issued by the class-action court. Here, the language of the final judgment and the settlement agreement is not at all obscure. It specifically includes claims related to "premium charges." It does not say "modal billing practices," or refer specifically to "modal billing" in some other way, but this is not necessary. The phrase "premium charges" includes as a subset premiums paid in accordance with a modal-billing option.

The plaintiff points to language in the settlement to the effect that it could not release a "claim that independently arises from acts arising after the end of the Class Period." J.A. 134. General American responds, we think appropriately, that plaintiff had bought her life-insurance policy in 1995, before the commencement of the class action, and certainly before it was settled. Plaintiff argues that her modal-billing claims had not accrued when the class action was settled because, under N.M. Stat. Ann. 1978, § 37-1-7, General American's alleged fraud with respect to modal billing had not, at that time, been discovered by the plaintiff. We think, however, that this is the kind of argument designed to be encompassed by the provision of the settlement agreement releasing claims unknown as well as those known. There is no doubt that a person, as a matter of contract, may release, in exchange for consideration she deems adequate, claims existing at the time but not known to her. This is simply part of the bargain. " 'Once approved, a settlement agreement is interpreted as a contract.' " Thompson, supra, 992 F.2d at 191 n.5, quoting In re Joint Eastern and Southern District Asbestos Litigation, 129 B.R. 710, 861 (E. & S.D.N.Y. 1991).

III.

As the plaintiff correctly points out, in class actions more than the usual requirements of res judicata, as applied in the traditional lawsuit between or among individuals, must be met. Among other things, a class member cannot be bound unless she has received due process. Thompson, supra, 992 F.2d at 190. The most important element of due process is adequate notice. After examining the relevant documents, we hold that the plaintiff did receive proper notice, could have opted out, and chose not to do so.

The Notice and accompanying materials included "answers to questions you may have about the proposed settlement." One of these answers read as follows:

> **Will I be able to maintain, continue or start a lawsuit against General American if I remain in the Class?**
>
> In most cases, no. Under the proposed settlement, class members who do not exclude themselves from the class release General American from liability for claims relating to their policies. (The release is discussed in Part 7 of the Notice.) In addition, the Court has entered a preliminary injunction that, among other things, bars class members who do not exclude themselves from the class from filing or participating in any policy-related lawsuits against General American encompassed by the release. At the Fairness Hearing, where the Court will determine whether to approve the settlement, the plaintiffs and General American will ask the Court to make these injunctions permanent. See Part 12 of the enclosed Notice.
>
> The settlement will therefore prevent you from beginning a lawsuit or other proceeding against General American relating to your policy and encompassed by the release unless you exclude yourself from the class. . . .

J.A. 544.

-6-

Then Part 4 of the Notice provided a "description of the lawsuit and settlement negotiations." Id. at 552. This Part 4 included, among the claims raised by the class action, the accusation that

> General American . . . (vi) improperly advised policyowners about the financial impact of commissions and policy sales charges; and (vii) engaged in misconduct in setting and adjusting dividends, policy credits and policy charges.

Ibid. And finally Part 7 of the Notice warned that if the Court approved the proposed settlement, class members who had not chosen to opt out would give up all claims against General American "known or unknown with respect to your policy." Id. at 556. Only "a claim for any benefits (such as the death benefit) that may become payable under your policy's terms" would survive the settlement. Ibid.

We see nothing unfair or unclear about the Notice. It is true that modal billing practices, under that name, were never specifically at issue in the class action. The Notice, however, was clearly broad enough to encompass such practices. The terms "Policy sales charges" and "Policy charges" are broad and inclusive. There is no impropriety in including in a settlement a description of claims that is somewhat broader than those that have been specifically pleaded. In fact, most settling defendants insist on this. Here, the Notice is as broad as the settlement itself.

National Super Spuds, Inc. v. New York Mercantile Exchange, 660 F.2d 9 (2d Cir. 1981), cited by plaintiff, is distinguishable for just this reason. There, the final settlement agreement enlarged the scope of the claims to be released without giving notice to the class members. See Thompson, supra, 992 F.2d at 191. This is not the case here. We hold that the Notice was clear and fair, and that no due-process violation occurred.

IV.

Plaintiff also points out that settlements in class actions cannot bind class members unless the requirements of Fed. R. Civ. P. 23 have been met. In particular, plaintiff argues that the class representative did not adequately represent her or others with modal-billing claims. Her principal complaint with respect to the adequacy of class representation is that the class representative gave away all modal-billing claims (in the release) and received nothing in exchange for them. Thus, the argument runs, class members with certain other sorts of claims with respect to premiums (of whom incidentally, plaintiff was one) received, in the aggregate, a large amount of money, while plaintiff and others similarly situated received nothing for their modal-billing claims.

Defendant asserts several procedural barriers to our consideration, at this stage, of the adequacy of class representation. We assume for present purposes that the issue is properly before us on the merits. We are not persuaded that inadequacy has been shown. It simply is not true that modal-billing claims were given away for nothing. It is true that no separately stated consideration was paid for those claims, but that is quite another thing. In addition to the claims specifically pleaded in the class action, all claims related to policy charges, necessarily including modal-billing claims, were released. The release of the latter category of claims was one of a series of benefits conferred on the defendant by the class as part of the settlement. On the other side, defendant conferred benefits on the plaintiff class, including a monetary settlement, from which the plaintiff in this case has benefitted, and a claims-evaluation procedure that could produce additional relief. No part of the consideration on either side is keyed to any specific part of the consideration of the other. Each side gives up a number of things. This is the way settlements usually work. It was the judgment of the class representative that the general class of claims arising out of policy charges, known and unknown, was a proper thing to give up to obtain the benefits offered by General American. We do not know the relative value of the modal-billing claims, and we have no way to criticize the judgment of the class

representative.  Accordingly, we hold that the representation afforded was adequate, and that the provisions of Fed. R. Civ. P. 23 were fully met.

The judgment is affirmed.

_____