COBB, Chief Justice.
This class action has previously been before this Court in an appeal filed by the intervenors/objectors, who objected to the settlement reached between the class plaintiffs and the insurance-company defendants. King v. Gadson (No. 1040260, Aug. 12, 2005), 946 So.2d 540 (Ala.2005) (table). The petitioners here include Hollis & Wright, P.C., L. Andrew Hollis, Jr., Steven W. Couch, Roy Barnes, and The Barnes Law Group, the lawyers and law firms who represented five policyholders who were members of the class and who intervened in the Godson case, and Jay Shreenath, a member of the class in Gad-son. The respondents here are the defendants that agreed to the settlement in the Godson case, including, among others, American Medical Security, Inc., and United Wisconsin Life Insurance Company. Because the petition for the writ of mandamus challenges a permanent injunction, this Court will treat the petition as a timely filed appeal under Rule 4(a)(1), Ala. R.App.P.
In the case resulting in the appeal in Godson, the intervenors objected to the settlement reached between counsel for the class and counsel for the defendant insurance companies. They claimed the named plaintiff did not have standing, that notice to the class was defective, and that the settlement reached was unfair. They asserted these arguments to the trial court; it rejected them and entered its final judgment on September 20, 2004, approving the settlement. That judgment provided, among other things, that members of the settlement class forever released their claims against the defendants and were permanently enjoined from pursuing the released claims. The interve-nors appealed to this Court, which, after hearing oral argument, unanimously affirmed the judgment of the trial court, without an opinion.
In July 2006, Jay Shreenath, represented by the other appellants here, filed a motion to intervene as a class representative in a case pending in the Superior Court of Cobb County, Georgia, Parker v. American Medical Security, Inc. (No. 04-01-1980). He sought to assert in the Georgia class action claims that had been addressed and settled in the class action in Godson, supra. The appellees subsequently sought an order from the Montgomery Circuit Court to enforce the settlement in the Godson case and to enjoin further litigation on the issues addressed in the settlement. The Montgomery Circuit Court conducted a hearing and determined that Shreenath had received proper notice of the proposed settlement, that he had not opted out of the class or otherwise objected to the settlement, and that he was therefore bound by the terms of the settlement. Accordingly, the court entered an order stating, in pertinent part:
“Despite this court’s approval of the settlement and the subsequent approval by the Supreme Court of Alabama, the finality of the Order of Final Approval and Judgment has been repeatedly attacked by the plaintiffs’ attorneys in the Parker ease [the appellants here]. In addition, the Parker plaintiffs sought an injunction in Georgia to block the settlement of this case. The Supreme Court of Georgia rejected the imposition of any such injunction. See American Medical Security, Inc. v. Parker, 279 Ga. 201, 612 S.E.2d 261 (2005). Since that time, despite the injunction entered by this Court and the rulings of no fewer than three Supreme Courts, counsel for plain-
*532 tiffs in the Parker case continue to attack the settlement.
“Counsel for plaintiffs in the Parker case [i.e., the appellants here] subjected themselves to the jurisdiction of this Court by appearing to oppose the settlement. [The appellants] subjected themselves to the jurisdiction of the Alabama courts by appearing in the Alabama Supreme Court to oppose the settlement of the instant case.
“On July 11, 2006, Shreenath intervened as a purported class representative in the Parker case, asserting claims that were unquestionably settled and dismissed by the Gadson settlement. Shreenath is a Georgia resident who was a MedOne policyholder from 2000-2003. The uncontroverted evidence before the Court establishes that individual notice in the form of the ‘Notice of Class Action and Proposed Settlement,’ along with an ‘Exclusion Request,’ was mailed to Shreenath ... in compliance with this court’s Order Approving Class Notice dated April 6, 2006. There is no evidence that the notice was returned as undeliverable. Further, notice was published in the Atlanta Journal-Constitution [a daily newspaper], Shreenath did not submit an exclusion request, file any objection to the class or otherwise opt out of the Gadson settlement. Consequently, Shreenath is a member of the Gadson settlement class. Caselaw is clear that by virtue of Shreenath’s status as a Gadson class member, he is precluded from participating in the Parker case or any other litigation involving his MedOne policy with Defendants.
“THE COURT HfeREBY ORDERS, FINDS, CONCLUDES, ADJUDGES AND DECREES AS FOLLOWS:
“Jay Shreenath is a member of the Gadson class of plaintiffs because he is a Georgia resident who was a MedOne
certificate holder from 2000-2003. Shreenath never opted out, and never objected to the settlement. Because he is a member of the Gadson settlement class, it is hereby ordered that Jay Shreenath, as well as all other Gadson class members, are fully and forever barred and permanently enjoined from asserting either individually, representa-tively, or on behalf of any class or person, or in any other capacity, any and all Released Claims against any and all of the Released Parties as memorialized in this Court’s Final Approval and Final Judgment dated September 29, 2004.
“It is further ordered that [the appellants] and any attorney and/or law firm acting in concert therewith are fully and forever barred and permanently enjoined from asserting, filing, prosecuting, intervening in, and litigating any cause of action, or otherwise taking steps, to pursue the settled and Released Claims against any and all Released Parties. Specifically, Steve Couch, Esq., Hollis & Wright, P.C., and any attorney and/or law firm acting in concert therewith are fully and forever barred and permanently enjoined from litigating and asserting any and all Released Claims against any and all Released Parties on behalf of Jay Shreen-ath or any other Gadson class member in the case of Parker, et al. v. American Medical Security, Inc., et al., filed in the Superior Court of Cobb County, Georgia, Civil Action File No. 04-01-1980 or in any other case that asserts causes of action related to the Released Claims and Released Parties.
“This Order is not applicable to persons who are not part of the Gadson class or who opted out of the Gadson settlement, nor does this order attempt to enjoin or otherwise preclude Steve Couch, Esq., Hollis & Wright, P.C., or any attorney or law firm from filing,
*533 prosecuting, or litigating any claims or cause of action on behalf of persons who are not part of the Godson class or who opted out of the Godson settlement.”
The appellants subsequently petitioned for a writ of mandamus from this Court challenging the Montgomery Circuit Court’s order. On December 14, 2006, this Court entered an order stating that it would treat the petition as a timely filed appeal pursuant to Rule 4(a)(1), Ala. R.App.P. The appellants assert that the effect of the trial court’s order in this class action is to unlawfully predetermine the res judicata effect of its judgment in Gad-son on Shreenath’s participation in the Parker class action. The appellants argue that in Taylor v. Liberty National Life Insurance Co., 462 So.2d 907, 910 (Ala.1984), this Court recognized that such an action would be error:
“Under the settled law applicable to these circumstances, there is no question that this Court is empowered to review a judgment collaterally attacked on due process grounds. See, generally, 3 Newberg on Class Actions, § 2755b (1977); Note, Collateral Attack on the Binding Effect of Class Action Judgments, 87 Harv. L.Rev. 889 (1974). Indeed, the Federal Rules Advisory Committee itself states that ‘the court conducting the [class action] cannot predetermine the “res judicata” effect of the judgment; this can only be tested in a subsequent action.’ Fed.R.Civ.P. 23, Advisory Committee’s Note, 39 F.R.D. 98, 106 (1966).”
However, there has been no predetermination of the res judicata effect of the judgment in Godson, where the trial court has enforced its final order of settlement of a class action by enjoining a class member in the settled class action from further proceedings in a different court seeking to relitigate the matters adjudicated in the action that has been settled. See Thompson v. Edward D. Jones & Co., 992 F.2d 187,189-90 (8th Cir.1993):
“Contrary to appellant’s assertions, the district court [in an Arkansas federal court action (‘the Arkansas action’) ] did not violate the principle that ‘a court adjudicating a dispute may not be able to predetermine the res judicata effect of its own judgment —’ (Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 806, 105 S.Ct. 2965, 2971, 86 L.Ed.2d 628 (1985) (emphasis added)) by enforcing the Final Judgment of Dismissal and Order in the Arkansas action against appellant. That principle is in-apposite to subsequent actions for enforcement of a court’s previously-issued order. The thrust of the doctrine is that the res judicata effect of a judgment can only be determined in a subsequent proceeding insofar as the elements of res judicata in the class action context (compliance with Federal Rule of Civil Procedure 23 and due process — see 3 Herbert B. Newberg, Newberg on Class Actions §§ 16.21 and 16.24 (3rd ed.1992)) can, logically, be raised only after the first proceeding has concluded and judgment has been entered. Therefore, upon determining that the second proceeding was barred by the terms of the Final Judgment in the Arkansas action, the district court acted within its authority to enjoin appellant pursuant to those terms.”
(Some emphasis added; some emphasis original.) (Footnote omitted.) We approve of the rationale of Thompson as applied to the circumstances of this case, and we conclude that the Montgomery Circuit Court’s determination that it had jurisdiction over the appellants in this case is properly supported. Accordingly, the judgment of that court is due to be affirmed.
AFFIRMED.
*534 SEE, LYONS, WOODALL, STUART, SMITH, BOLIN, and PARKER, JJ., concur.
MURDOCK, J., concurs in the result.