# United States Court of Appeals
### For the Eighth Circuit

_____

No. 17-3263
_____

John Calon

*Plaintiff - Appellant*

v.

Bank of America, N.A., et al.

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: November 2, 2018
Filed: February 7, 2019

_____

Before LOKEN, BOWMAN, and SHEPHERD, Circuit Judges.

_____

LOKEN, Circuit Judge.

John Calon obtained a $20,001 home equity loan from Countrywide Home Loans in November 2000. Bank of America acquired or took over Countrywide in early 2008. In December 2014, Calon filed a pro se complaint asserting five causes of action against Bank of America, N.A. and affiliates (collectively, "Bank of America"). At the district court's direction, Calon filed a forty-two page First Amended Complaint in July 2015, asserting twenty causes of action. The district

court dismissed five counts for failure to state a claim in May 2016. Under the court's Amended Scheduling Order, discovery closed October 24, 2016, and Bank of America filed a timely motion for summary judgment on the remaining fifteen claims on November 21, 2016. Rather than respond, Calon filed various unsupported motions. The district court denied those motions, deemed admitted Bank of America's Statement of Uncontroverted Material Facts, and granted summary judgment dismissing all claims. Calon appeals, including in his appeal briefs numerous fact assertions that are not supported in the summary judgment record because of his inexcusable disregard of the applicable rules of civil procedure. We do not consider those assertions, nor do we take as true the fact assertions in Calon's unverified First Amended Complaint.[1] However, in reviewing *de novo* the grant of Bank of America's unopposed motion for summary judgment, we "must still determine that the moving party is entitled to judgment as a matter of law on [each] claim." Interstate Power Co. v. Kansas City Power & Light Co., 992 F.2d 804, 807 (8th Cir. 1993). Applying that standard, we conclude that summary judgment was improperly granted on three claims and otherwise affirm.

Bank of America's motion for summary judgment, and the district court's analysis, divided the fifteen claims into three categories. Most of the claims related to Bank of America's practice of imposing lender preferred insurance ("LPI") on mortgage borrowers who fail to maintain voluntary insurance on the mortgaged homes. This practice was the subject of a class action lawsuit filed in the Southern District of Florida in July 2012 in which Bank of America was a named defendant. That Court entered final approval of a global settlement that included a broad release of claims by all class members. Hall v. Bank of America, N.A. et al., No. 1:12-cv-

---

[1]Calon's appeal briefs also allege several injuries that, based on our review of the record, were neither pleaded, argued, nor factually supported with evidence that would preclude summary judgment in the district court. Those allegations and arguments are waived. See, e.g., Menz v. Procter & Gamble Health Care Plan, 520 F.3d 865, 868 (8th Cir. 2008).

22700, 2014 WL 7184039 (S.D. FL Dec. 17, 2014). Bank of America's unopposed statement of material facts established that Calon was a member of the class; he was mailed a notice of the settlement by the settlement administrator that included a claim form; the settlement notice was not returned as undeliverable; and Calon did not object to or request exclusion from the settlement class. Bank of America also noted that, in his reply to a prior court order, Calon admitted that he used "essentially the same form, format and information" used in the class action. "The only real difference," he stated, "is that Plaintiff changed the Class nature and identification of the Hall class action [to] an individual's private action." Based on these facts, the district court concluded that the LPI claims in eleven Counts of the First Amended Complaint predated the effective date of the settlement agreement, July 6, 2015, and are therefore barred by the doctrine of res judicata.

"[U]nder elementary principles of prior adjudication a judgment in a properly entertained class action is binding on class members in any subsequent litigation." Cooper v. Fed. Res. Bank of Richmond, 467 U.S. 867, 874 (1984). When a class action ends in a settlement with benefits to the class, a class member with actual notice is barred from later asserting individual claims that class members released in the settlement agreement. In re Gen. Am. Life Ins. Sales Prac. Lit., 357 F.3d 800, 802-03 (8th Cir. 2004). A class member to be bound must receive due process; "[t]he most important element of due process is adequate notice." Id. at 804. Here, the record contains ample evidence that Calon received actual notice of the settlement in Hall. We affirm the dismissal of these eleven claims. We also affirm the dismissal of two claims based on Bank of America's failure to honor Calon's alleged early payoff rights (Counts XIV and XIX) for the reasons stated by the district court.

The most difficult issue is the grant of summary judgment dismissing three claims based on allegations in the First Amended Complaint that Calon's mortgage loan agreement with Countrywide included an "eEasy Rate Reduction Plan" that gave Calon as borrower the option to reduce the loan interest rate "from 7.625% to

-3-

approximately 5.25%" in exchange for a $350 fee. The First Amended Complaint alleged that Calon applied to Countrywide in December 2007 to reduce his interest rate under this Plan; that Countrywide advised him in early January 2008 that the new payment arrangement would begin in February; but that Bank of America took over Countrywide later that month, wrongfully "nullified" this contractual right in August, refused to arbitrate the issue, and threatened to accelerate the loan to foreclosure if Calon took the issue to court.

In the motion for summary judgment, Bank of America attached a copy of the three-page "eEasy Rate Reduction Plan" document. Relying solely on the face of the document, and Calon's deposition testimony that the document was not signed by anyone and was not referenced in the Note or Deed of Trust, Bank of America argued that these three claims fail as a matter of law because "the alleged contract was not a signed writing, as required by the Statute of Frauds," Mo. Rev. Stat. § 432.010.1. The district court agreed. We do not.

In the district court, Bank of America argued that the "eEasy Rate Reduction Plan" is an "alleged contract [that] was not a signed writing." It is true that the Plan document itself was not signed by Countrywide, the party to be charged. But Calon's First Amended Complaint, fairly construed, alleged that the Plan was an integral part of a financial arrangement that included one or more documents signed by Countrywide. This brings into play a well-established principle of Missouri law the district court did not address: "When separate documents are relied on to establish the existence of an agreement, they must be connected by express reference to one another *or by clear implication established through their respective contents*." Mayer v. King Cola Mid-Am., Inc., 660 S.W.2d 746, 748 (Mo. App. 1983) (emphasis added, citation omitted); see Vess Beverages, Inc. v. Paddington Corp., 941 F.2d 651, 654 (8th Cir. 1991) ("Even if only one of the documents is signed, the requirement is satisfied as long as one document refers to the other, or their contents clearly show they are related.").

Here, the three-page Plan document -- which counsel for Bank of America dismissively refers to as a "Flier" -- looks like a contract document. The header lists the date (the same date as the Note and Deed of Trust), "John C. Calon" as the borrower, the loan number, the property address, and contact information for the issuing Countrywide branch. The following eight sections explain in detail how Calon "can reduce the interest rate quickly and easily," with "no loan closing, no third-party closing costs or prepaid expenses, no hassle, and no stress." On their face, regardless of the absence of express cross references, we think the financing documents, "by clear implication established through their respective contents," reflect an agreement including any obligations created by the eEasy Rate Reduction Plan that satisfies the statute of frauds. At a minimum, we conclude that Bank of America, a successor-in-interest which introduced no evidence supporting its assertion that the Countrywide document was a mere "Flier," failed to establish that the statute of frauds bars these three claims as a matter of law on this record. Of course, we express no view as to the merits of those claims, which are not before us.

This lawsuit has dragged on far too long, through no fault of the district court. The Amended Scheduling Order deadlines for amending the pleadings, completing discovery, submitting expert reports, and filing motions for summary judgment are long passed. Without in any way limiting the district court's case management discretion on remand, we conclude the court would not abuse its discretion by promptly setting the remaining three claims for trial.

The judgment of the district court is reversed in part and the case is remanded for further proceedings not inconsistent with this opinion.

_____